UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EASTERN POTATO DEALERS, INC., CAM-
BRIDGE FARMS, INC, H. P. SCHMEIDING PRO-
DUCE, INC. AND E.K. BARE & SONS INC.,

   PLAINTIFFS,

 -VS-

TNC PACKING CORPORATION, ET AL.,

   DEFENDANT.

**NOTICE OF MOTION**

CASE NO: 08 CV 6280 (OT)

| | |
|---|---|
| MOTION BY: | Dibble & Miller, P. C.<br>55 Canterbury Road<br>Rochester, New York 14607<br>Tel: (585) 271-1500 |
| ASSIGNED JUDGE: | Hon. Michael A. Telesca |
| DATE, TIME & PLACE OF MOTION: | October 8, 2008 at 9:00 a.m. or as soon thereafter as counsel may be heard at the United States Courthouse, 100 State Street, Rochester, New York. |
| RELIEF DEMANDED: | An Order pursuant to FRCP 24(a)(2) allowing Dibble & Miller, P.C. to intervene in the above-captioned action, and for such other and further relief as to the Court seems just proper and equitable. |
| SUPPORTING PAPERS: | Affirmation of Gerard F. Norton, dated September 4, 2008, and Exhibits thereto, Proposed Intervenor-Plaintiff's Complaint. |

*PLEASE TAKE NOTICE that the moving party intends to file and serve reply papers and any opposing party is therefore required to serve and file opposing papers at least eight (8) days prior to the return date.*

Dated:  September 5, 2008

       s/ Gerard F. Norton
       Gerard F. Norton, Esq.
       DIBBLE & MILLER, P. C.
       55 Canterbury Road
       Rochester, New York 14607
       Tel: (585) 271-1500

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTERN POTATO DEALERS, INC., ET AL., | **AFFIRMATION** |
| PLAINTIFF, | |
| -VS- | **CASE NO:** 08 CV 6280 (OT) |
| TNC PACKING CORPORATION, ET AL., | |
| DEFENDANT. | |

Gerard F. Norton, an attorney duly authorized to practice in the State of New York and before this Court, does hereby affirm the following under penalties of perjury:

1.    I am senior counsel in Dibble & Miller, P.C. ("Dibble & Miller") and I make this affirmation on Dibble & Miller's behalf in support of the within motion.

**SUMMARY**

2.    The above captioned action (the "Federal Action") asserts claims by producers for money owed by the defendants for the purchase of perishable commodities.

3.    The plaintiffs in the Federal Action assert that they are creditors protected by the trust fund provisions of the Perishable Agricultural Commodities Act ("PACA").

4.    The Federal Action has been settled by a stipulation, (the "Stipulation") signed by the parties and so ordered by this Court on July 15, 2008 (copy attached as **Exhibit A**).

5.    The Stipulation provides at paragraphs 10 (b), (c) and (d) that funds held by John J. Considine, Jr. as receiver in an action in the New York Supreme Court, Livingston County, entitled *Case v. Case et al.*, Index No. 297-2003 (the "State Action"), and referred to in the Stipulation as "Escrow Funds," are PACA trust assets.

6.    The categorization of the Escrow Funds as PACA trust assets is based upon errors of fact and law and is incorrect.

7.    Dibble & Miller represents Thomas Case, who is the plaintiff in the State Action.

8.    Dibble & Miller has not been paid for its representation of Thomas Case in the State Action and pursuant to both NY Judiciary Law § 475, and an order of the Court in the State Action, Dibble & Miller has an interest, secured by its attorney's charging lien, in the Escrow Funds.

9.      If the Federal Action is resolved in accordance with the terms of the Stipulation, Dibble & Miller's interest in the Escrow Funds will be extinguished by the imposition of the prior lien of the PACA trust.

10.     The parties to the Federal Action do not represent Dibble & Miller's interest and neither have nor will take any action to protect that interest, despite Dibble & Miller's request that the Stipulation be modified by removing all reference to the Escrow Funds.

## **Rule 24(a)(2)**

11.     Rule 24(a)(2) provides:

> **Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

12.     The Second Circuit Court of Appeals in *United States v. City of New York,* 198 F. 3d 360 (2d Cir.1999), enunciated the rules for intervention as follows:

> "An applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action."

## **Timeliness**

13.     The Federal Action was begun in this Court by the filing of a complaint on June 26, 2008.

14.     Dibble & Miller first learned of the Federal Action on July 15, 2008, when it received a letter dated July 14, 2008 from plaintiff's attorney, Bruce Levinson, (copy attached as **Exhibit B**).

15.     The Stipulation was So Ordered by this Court on July 15, 2008.

16.     Dibble & Miller wrote to this Court on July 17, 2008 (copy attached as **Exhibit C**) stating its objections to the Stipulation.  Copies of this letter were sent to Thomas Case and the attorneys for all parties in the Federal Action.

17.     By letter of July 22, 2008 (copy attached as **Exhibit D**), this Court advised Dibble & Miller that it would take no action in response to Dibble & Miller's letter of July 17, 2008 and that redress would only be available by an action or proceeding upon notice to all parties involved.

18.     Since receipt of Mr. Levinson's letter of July 15th and continuing until the filing of this motion, Dibble & Miller has been engaged in discussions with Mr. Levinson and Mr. Shults in an effort to settle their differences regarding the Stipulation.

19.     In telephone conversations with David Shults on August 26, 2008, and Bruce Levinson on August 29, 2008, Dibble & Miller was informed that a settlement which protected Dibble & Miller's interest in the Escrow Funds could not be achieved.

20.     As of the date of the submission of this motion, Receiver Considine has not completed and filed his final accounting and report in the State Action and thus the amount of the Escrow Funds available for distribution has not yet been determined.

21.     By letter of August 20, 2008 (copy attached as **Exhibit E**), Hon. Thomas M. Van Strydonck, Administrative Judge of the Seventh Judicial District, advised Dibble & Miller that the stipulation settling the State Action, which will establish the amount of the Escrow Funds available for distribution, will not be signed by the Court until there has been a decision by this Court.

22.     Because the Escrow Funds in which Dibble & Miller asserts an interest are not yet available for distribution, Dibble & Miller's intervention will not unduly delay or prejudice the rights of the parties to the Federal Action.

23.     From the moment Dibble & Miller learned of the Federal Action and the Stipulation, it has actively sought to protect its interests through negotiation.  As soon as it was clear that these negotiations had failed, this motion was filed.


### Intervenor's Interest


24.     Dibble & Miller represents Thomas Case in the State Action, before Acting Supreme Court Justice Gerard J. Alonzo, which, among other things, is an action to distribute the assets of Case Brothers, a New York partnership ("Case Brothers"). The partnership was in the business of growing and packing potatoes.

25.     Both Dibble & Miller, and predecessor counsel, Phillips, Lytle LLP ("Phillips, Lytle"), have worked, virtually unpaid, on Thomas Case's behalf for approximately 5 years, in reliance on continued assurances by Mr. Case that their attorneys' fees would be paid out of the proceeds of the State Action.  Were it not for

the efforts of Dibble & Miller and Phillips Lytle, the Escrow Funds held by Receiver Considine would not exist.

26.     In the State Action, Justice Alonzo appointed John J. Considine, Esq. ("Receiver Considine"), to take possession of and liquidate the assets of Case Brothers. Receiver Considine has sold all the assets and paid all outstanding obligations of Case Brothers. He presently holds funds (the "Escrow Funds") of approximately $680,000.00 from the sale of those assets.

27.     The State Action has been settled on the record. A stipulated order directing the disposition of the Escrow Funds held by Receiver Considine has been submitted to Justice Alonzo. Of the $680,000.00 held by Receiver Considine, it is anticipated that approximately $225,000.00 will be allocated to Thomas Case and therefore will be available to satisfy Dibble & Miller's charging lien.

28.     Dibble & Miller's regular billing to Thomas Case to date exceeds $242,000.00. In light of the size of the bill, Dibble & Miller has offered to discount the bill.

29.     The charging liens of Dibble & Miller and Phillips Lytle were confirmed by an order in the State Action, dated May 3, 2006 (copy attached as **Exhibit F**).

30.     Dibble & Miller's interest in the Federal Action is direct, substantial and legally protectable as required under Rule 24(a)(2) and the decisions interpreting the Rule, e.g., *U.S. v. Peoples Benefit Life Ins. Co.,* 271 F.3d 411 (2d Cir. 2001).

## Impairment of Intervenor's Interest

31.     The Stipulation states at paragraph 10(d) that the Escrow Funds are PACA trust funds.

32.     The effect of characterizing the Escrow Funds as PACA trust funds is to subject those funds to the super priority lien of the PACA trust, effectively extinguishing Dibble & Miller's statutory and court ordered rights in those funds.

33.     Dibble & Miller can only protect its interest in the Escrow Funds and assert its position that their designation as PACA funds is erroneous by intervening in the Federal Action to challenge the designation of the Escrow Funds as PACA assets.

## Intervenor's Interest Unprotected

34.     The plaintiffs in the Federal Action are producers and sellers of agricultural perishable commodities. Their interest is recovery of sums due from the defendants arising from sales of produce.

35.   Upon information and belief, the assets described in the Stipulation at paragraphs 10(i) and (j) as the Land and the Auction Proceeds may be inadequate to satisfy the claims of the plaintiffs.

36.   It is in the interest of the plaintiffs to assure their receipt of payment by extending the reach of the Stipulation and the priority of the PACA trust to the Escrow Funds and they therefore will not protect Dibble & Miller's interest in the Escrow Funds.

37.   Thomas Case signed the Stipulation on July 2, 2008.

38.   Upon information and belief, Thomas Case and Nancy Case are the principals and sole shareholders of TNC Packing Corporation and under PACA regulations and decisions would be considered "controlling persons."

39.   Upon information and belief, as principals and controlling persons of TNC Packing Corporation, Thomas and Nancy Case may be subject to personal liability to the plaintiffs for breach of their fiduciary duties as PACA trustees.

40.   Upon information and belief, payment to the plaintiffs pursuant to the Stipulation will relieve Thomas and Nancy Case from the aforesaid potential personal liability.

41.   It is in the interest of Thomas and Nancy Case to avoid personal liability for breach of trust by assuring that the plaintiffs are paid in full by extending the reach of the Stipulation and the priority of the PACA trust to the Escrow Funds and therefore Thomas and Nancy Case will not protect Dibble & Miller's interest in the Escrow Funds.

42.   Upon information and belief, Thomas and Nancy Case owe substantial sums to David Shults, who is a signatory and beneficiary of the Stipulation.

43.   Upon information and belief, the payments to be made to David Shults pursuant to the Stipulation will reduce or eliminate Thomas and Nancy Case's debts to David Shults and reduce or eliminate liens held by David Shults on property owned by Thomas and Nancy Case.

44.   It is in the interest of Thomas and Nancy Case to eliminate or reduce their obligations to David Shults by extending the reach of the Stipulation and the priority of the PACA trust to the Escrow Funds and therefore Thomas and Nancy Case will not protect Dibble & Miller's interest in the Escrow Funds.

45.   There is no party presently before the Court who will adequately represent Dibble & Miller's interest in the Federal Action.

Filename: C:\Documents and Settings\CDC\My Documents\Motions\case\Case -- final - Motion to intervene (v5).doc
Locator: 9/5/08//MSOffice//3//

WHEREFORE, it is respectfully requested that this Court allow Dibble & Miller to inter-vene in the abovementioned matter pursuant to Federal Rule of Civil Procedure 24(a)(2) and that the proposed Intervenor-Plaintiff's Complaint attached hereto as **Exhibit G** be accepted and filed in the instant action.

Dated:  September 5, 2008

                                                  s/ Gerard F. Norton
                                                     Gerard F. Norton, Esq.

<u>**CERTIFICATE OF SERVICE**</u>

I, Gerard F. Norton, attorney for Dibble & Miller, P.C. herein, do hereby certify that the foregoing Notice of Motion and Supporting Affirmation, and Exhibits thereto, including the proposed Intervenor-Plaintiff's Complaint, all dated September 5, 2008, were duly served upon counsel for the parties herein, as listed below, on September 5, 2008, by mailing a copy of the same, via overnight delivery, to them addressed as set forth below:

Bruce Levinson, Esq.
Attorney for Plaintiffs
747 Third Avenue
New York, New York 10017-2803

Jerauld E. Brydges, Esq.
Attorney for Plaintiffs
1600 Bausch & Lomb Place
Rochester, New York 14604

David D. MacKnight, Esq.
Attorney for Defendants
130 E. Main Street, 2nd Floor
Rochester, New York 14604

s/ Gerard F. Norton
Gerard F. Norton, Esq.

Filename: C:\Documents and Settings\CDC\My Documents\Motions\case\Case -- final - Motion to intervene (v5).doc
Locator: 9/5/08//MSOffice//3//

Exhibit A

Exhibit A

Exhibit A

DOCUMENT SEPARATOR PAGE

Exhibit A

Exhibit A

Exhibit A

Exhibit A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EASTERN POTATO DEALERS, INC., CAMBRIDGE
FARMS, INC., H.C. SCHMIEDING PRODUCE, INC. and          08 CV 6280 (T)
E.K. BARE & SONS INC.,

                    Plaintiffs,          **STIPULATION
AND ORDER**

       - against -

TNC PACKING CORPORATION, THOMAS CASE and
NANCY CASE,

              Defendants.
------------------------------------------------------------------------X

Plaintiffs, Eastern Potato Dealers, Inc. ("Eastern"), Cambridge Farms, Inc.

("Cambridge"), H.C. Schmieding Produce, Inc. ("Schmieding") and E.K. Bare & Sons Inc.

("Bare") (hereinafter collectively referred to as "plaintiffs"), by and through their undersigned

attorneys, and defendants, TNC Packing Corporation ("TNC"), and Thomas Case and Nancy

Case, by and through their undersigned attorney, and non-parties David A. Shults and Barbara

Finch, by and through their undersigned counsel, hereby stipulate and agree to settle this matter

on the terms set forth below, and the Court hereby approves this Stipulation and enters the Order

thereon.

1.     Plaintiffs, Eastern, Cambridge, Schmieding and Bare, are trust creditors under the trust

       provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c), against

       defendants, TNC, Thomas Case and Nancy Case, on debts as follows:

           a)    Eastern: $31,186.57 plus interest at the rate of 5.03% per annum from March

                1, 2006, plus $300.00 awarded by the Department of Agriculture, plus legal

                fees in the sum of $5,000.00 for a total of $40,118.18;

           b)    Cambridge: $11,526.24 plus interest at the rate of 18% per annum from July

                26, 2006, plus legal fees in the sum of $3,000.00 for a total of $18,410.26;

044786-1 (Doc. 15) - Stipulation

c)      Schmieding: $13,616.10 plus interest at the rate of 18% per annum from June 14, 2006, plus legal fees in the sum of $3,000.00 for a total of $21,453.40;

d)      Bare: $15,840.79 plus interest at the rate of 18% per annum from April 20, 2006, plus legal fees in the sum of $3,000.00 for a total of $24,954.15; and

2.      Defendants admit all the allegations of the complaint, consent to the jurisdiction of this Court, waive any and all set-offs and counterclaims against plaintiffs, and acknowledge they have no defenses to this action.

3.      Subject to paragraph 17 herein, Defendants shall jointly and severally pay to plaintiffs the sum of $104,935.99, constituting the sum of the debt set forth in paragraph 1, and shall also pay interest on the principal balance at the rates set forth in paragraph 1 herein, from the date of this Stipulation and Order (the "Settlement Amount"). The Settlement Amount shall be paid by wire, cashiers check or money order, payable to the "Law Offices of Bruce Levinson" and delivered to the Law Offices of Bruce Levinson, 747 Third Avenue, Fourth Floor, New York, New York 10017-2803. Payment of the Settlement Agreement shall be due no later than the first to occur of (a) any of the defendants becoming entitled to receive or receiving any of the proceeds of the sale of the assets of TNC, and (b) the date on which one or more defendants become entitled to receive some or all of the Escrow Funds (as defined below).

4.      To secure payment of the Settlement Agreement, defendants have executed a Joint Motion for Entry of Order and Judgment, which will be held in escrow by plaintiff's counsel unless there is a default. (A copy of the Joint Motion for Entry of Order and Judgment and Proposed Order and Judgment is attached.)

044786-1 (Doc. 15) - Stipulation

5.     If there is a default in the full and timely payment of the Settlement Amount, the
       Settlement Amount, together with all court costs and reasonable attorneys' fees incurred
       by plaintiffs to collect the sum due (including those incurred in any proceedings to
       determine additional costs and fees) (hereafter "the Debt"), shall, at the option of
       plaintiffs, thereupon become immediately due and payable, and plaintiffs, upon the filing
       with the Court of an affidavit from plaintiffs' counsel as to such default and the amount
       of additional legal fees incurred, with a copy thereof to defendants' counsel, shall be
       entitled to file the attached Joint Motion for Entry of Order and Judgment and obtain a
       Judgment against defendants under the trust provisions of the Perishable Agricultural
       Commodities Act, 7 U.S.C. §499e(c) ("PACA") for the full amount of the Debt.

6.     Nothing herein shall be deemed, interpreted or otherwise construed as an extension of
       credit by plaintiffs to defendants, or as a waiver of the plaintiffs' rights under the
       statutory trust provision of the Perishable Agricultural Commodities Act, 7 U.S.C.
       §499e(c).  Plaintiffs' rights under this Stipulation and Order are in addition to their rights
       under said trust provisions.

7.     Upon receipt of the Settlement Agreement, in accordance with the terms set forth herein,
       plaintiffs shall prepare and file a Stipulation to Dismiss with Prejudice with this Court.

8.     The Court shall retain jurisdiction over the parties during the pendency of the application
       of this Order.

9.     This case shall be administratively closed, with the Court retaining complete jurisdiction
       to reopen this case and enforce the terms of this Order upon application by any of the
       parties hereto.

10.    Defendants make the following warranties and representations:

044786-1 (Doc. 15) - Stipulation

- 3 -

a)     No other PACA trust claims have been asserted in any court or to the
Department of Agriculture.

b)     Thomas Case is the plaintiff in a case bearing the caption "Thomas R.
Case v. Antone R. Case," currently pending in the Supreme Court of the
State of New York, Livingston County, State of New York and having
Index Number 297-2003 (the "Litigation.")

c)     John Considine, Jr., Esq. ("Escrow Agent") has been appointed as a
receiver in the Litigation and is currently holding not less than
$620,000.00 ("Escrow Funds").

d)     The Escrow Funds are PACA trust assets, and include proceeds from the
sale of certain land in which one or more defendants and/or Case Brothers,
a partnership consisting of Thomas Case and Antone Case had or have an
interest.

e)     Thomas Case has not and will not assign, transfer, pledge or otherwise
encumber any of his rights to the Escrow Funds or to any award which
may result from the Litigation, except that he acknowledges giving
security interests therein as follows:

(a) to David Shults and Barbara Finch (collectively "Shults") in the sum of $259,195.65,
together with an assignment of collateral to Shults consisting of an interest in the
proceeds from the dissolution of TNC and monies held by the Escrow Agent, and (b) to
Lacy Katzen LLP.

f)     Simultaneously with the execution of this stipulation, defendants shall
irrevocably direct the Escrow Agent in writing (with a copy provided
simultaneously to plaintiffs' counsel) that (a) upon Escrow Agent being

044786-1 (Doc. 15) - Stipulation

entitled to release the Escrow Funds, Escrow Agent shall make immediate

payment of the Settlement Amount directly to plaintiffs herein subject to

the Shults claim and the Lacy Katzen claim as set forth in paragraph 17,

herein, and (b) payment to any other creditor of defendants before

plaintiffs from the Escrow Funds, other than as expressly set forth herein,

shall not be permitted.

g)      Other than the Litigation, there is no pending litigation in any court

seeking some or all of the Escrow Funds, provided however, that various

creditors have started actions for money loaned or on personal guarantees

and Travelers Insurance Co. has brought an action to enforce an indemnity

claim on a bond in favor of the NYS Department of Agriculture.  Some of

those creditors have obtained judgments.  None of them has asserted a

claim to, an interest in, or a lien on the Escrow Funds, except if an

execution has been delivered to the Livingston County Sheriff.  Some of

the judgment creditors have or may have issued restraining notices.

h)      Thomas Case has entered into a settlement agreement, the terms of which

have been disclosed to the parties, which settlement agreement has not

been reduced to a writing signed by Thomas Case.  The settlement

proceeds are subject to attorneys' charging lien claims in disputed

amounts which Thomas Case seeks to settle.

i)      Some or all of the defendants are beneficial owners of 100% of the units

of Buffalo 63 LLC ("Buffalo 63"), owner of a parcel of land identified on

the tax map of the Town of Wayland as Tax Map Number 14.00.01.0115

(the "Land").  The Land is a PACA trust asset.  Defendants shall use best

044786-1 (Doc. 15) - Stipulation

efforts to sell the Land, and shall cause the proceeds from such sale, net
only of transfer taxes, real estate broker commissions, and the customary
and reasonable closing costs, to be delivered at the closing to David Shults
(the "Land Proceeds.")

j)   An auction of personal property belonging to one or more of the
defendants and/or Buffalo 63 at 2241 State Route 63, Wayland, New York
was conducted June 28, 2008.  Said property is a PACA trust asset.
(Proceeds of that auction are referred to herein as the "Auction Proceeds").
The goods sold included certain equipment that is or may be subject to
security interests asserted by Toyota Motor Credit, CNH, and upon
information and belief, others with security interests.  Plaintiff claims
security interests are inferior to the statutory trusts set forth above.  Shults
and Lacy Katzen LLP consented to the sale of their collateral and the
application of the sale proceeds as provided in the Agreement.

11.   This stipulation constitutes the entire agreement between the parties and may not be
changed in any respect except by a written agreement signed by them.

12.   This Agreement may be executed in one or more counterparts, each of which shall be
deemed an original, and all of which together shall constitute one and the same
instrument.   Faxed signatures shall be deemed originals for all purposes.

13.   Defendants shall execute any further documents plaintiffs may reasonably require in
connection with obtaining payment under this Stipulation.

14.   Defendants waive any and all right they may have to challenge the November 14, 2006
order of the U.S. Department of Agriculture under Docket # R.76-156.

O44786-1 (Doc. 15) - Stipulation

- 6 -

15.    Notwithstanding any other provision of this stipulation, plaintiffs shall not enforce any

judgment obtained against Nancy Case unless plaintiffs are not paid all sums due them

pursuant to this stipulation from the Escrow Funds and the proceeds from the auction of

TNC assets.

16.    Within 30 days of the date of this Stipulation, Nancy Case shall assign to Thomas

Case, any and all interest she may have in the Escrow Funds.

17.    Notwithstanding any other provision of this Stipulation, plaintiffs acknowledge

the Shults claim that Shults' interest in the Escrow Funds, the Land Proceeds and Auction

Proceeds pre-dated creation of any PACA trust obligations.  Plaintiffs do not admit that the

Shults' claim is correct, however to avoid the cost, time and uncertainty of litigation, the parties

and Shults agree as follows:

(a)    Subject to subsection (f) of this paragraph 17, the Escrow Fund, the Land

Proceeds and the Auction Proceeds shall be distributed as follows: (i) the sum of $8,000.00 shall

be distributed to Lacy & Katzen LLP, attorneys for defendant, as full and complete satisfaction

of claims against Shults and plaintiffs, then (ii) to plaintiffs and Shults pari passu, with Shults

receiving 78% of the first combined $331,665.35 contained in the Escrow Fund, the Land

Proceeds and the Auction Proceeds, and plaintiffs receiving the remaining 22%.

(b)    If there are any monies remaining in the Escrow Fund, the Land Proceeds and the

Auction Proceeds after payment of the amounts set forth in subparagraph (a) of this paragraph

17, then plaintiffs and Shults shall share in the next monies payable therefrom, pari passu, in the

same percentages until Shults and plaintiffs receive all interest on the principal amounts they are

owed.

(c)    If there are any monies remaining in the Escrow Fund, the Land Proceeds and

Auction Proceeds after payment of the amounts set forth in subparagraphs (a) and (b) of this

044786-1 (Doc. 15) - Stipulation

- 7 -

paragraph 17, then plaintiffs and Shults shall share equally in the next monies available therefrom, pari passu, until plaintiffs and Shults have each received $10,000.00 as and for legal fees.

(d)    Thereafter, plaintiffs shall be entitled to next monies payable from the Escrow Fund, the Land Proceeds and the Auction Proceeds, ahead of any and all other claimants, until the Settlement Amount has been paid in full.

(e)    Any enforcement by plaintiffs or Shults of the judgment herein shall be subject to this paragraph.

(f)    Notwithstanding any other provision of this paragraph 17, Shults shall be entitled to reimbursement for monies expended by him subsequent to the date of this Agreement for taxes and insurance so as to preserve the Land for sale, which reimbursement shall be paid prior to the sums set forth in paragraph 17(a) herein.

(g)    After Shults and Plaintiffs have been paid in full, the remaining proceeds shall be paid to Thomas Case, subject to whatever claims Lacy Katzen LLP may have as a secured creditor.

18.    Defendants shall cause the Auction Proceeds to be delivered by the auctioneer, net only of the auctioneer's fee, directly to David Shults, Esq., as Escrowee. David Shults, Esq. shall also retain the Land Proceeds as escrowee. David Schults, Esq. shall hold the Auction Proceeds and Land Proceeds in escrow and only release the funds in accordance with this Stipulation, or as directed by this Court.  In the event that Defendants' attorney receives any portion of Auction Proceeds or the Land Proceeds, such proceeds shall be delivered in the form received, endorsed without recourse to David Shults, Esq.

044786-1 (Doc. 15) - Stipulation

- 8 -

19.    Nancy Case shall sign this Agreement to witness and memorialize her assignment of any interest she has or may claim in the Escrow Proceeds and states that Thomas Case is and always has been the sole owner of his interest in Case Brothers as his separate property.

Agreed to as to escrow provisions:

/s/ David Shults

_____

David Shults

Dated as of this 2nd day of July, 2008

IT IS SO STIPULATED.

| Harter, Secrest & Emery LLP | Lacy Katzen |
|---|---|
| By:  /s/ Jerauld Brydges<br>     Jerauld Brydges<br>     1600 Bausch & Lomb Place<br>     Rochester, New York 14604-2711<br>     (585) 231-1239<br><br>     and<br><br>     Gregory Brown<br>     Law Offices of Bruce Levinson<br>     747 Third Avenue, Fourth Floor<br>     New York, New York 10017-2803<br>     (212) 750-9898<br><br>     Attorneys for Plaintiffs | By:  /s/ David MacKnight<br>     David MacKnight<br>     The Granite Building<br>     130 East Main Street<br>     Rochester, New York 14604<br>     (585) 454-5650<br><br>     Attorney for Defendants |
| /s/ Thomas Case | /s/ Nancy Case |

044786-1 (Doc. 15) - Stipulation

|   | Nancy Case, Individually |
|---|---|
| _ _____<br>　　Thomas Case, Individually | |
| TNC Packing Corp.<br><br>　　/s/ Thomas Case<br>By: _____<br>　　Thomas Case, Authorized Officer | Case Brothers<br><br>　　/s/ Thomas Case<br>By: _____<br>　　Thomas Case, Managing Partner |
| Shults & Shults<br><br>　　/s/ David A. Shults<br>By: _____<br>　　David A. Shults<br>　　9 Seneca Street<br>　　Hornell, New York 14853<br>　　(607) 324-1104<br>　　Attorneys for David A. Shults and<br>　　Barbara Finch (non-parties) | |

**SO ORDERED** this 15TH day of JULY, 2008.

　　　　　　　　　　　　__S/ MICHAEL A. TELESCA__
　　　　　　　　　　　　U.S. District Court Judge

044786-1 (Doc. 15) - Stipulation

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EASTERN POTATO DEALERS, INC., CAMBRIDGE
FARMS, INC., H.C. SCHMIEDING PRODUCE, INC. and        08 CV 628 (OT)
E.K. BARE & SONS INC.,

              Plaintiffs,

      - against -

TNC PACKING CORPORATION, THOMAS CASE and
NANCY CASE,

              Defendants.
------------------------------------------------------------------------X

**JOINT MOTION FOR
ENTRY OF ORDER
AND JUDGMENT**

        Plaintiffs, Eastern Potato Dealers, Inc. ("Eastern"), Cambridge Farms, Inc. ("Cambridge"), H.C.

Schmieding Produce, Inc. ("Schmieding") and E.K. Bare & Sons Inc. ("Bare") (hereinafter collectively

referred to as "plaintiffs"), by and through their undersigned attorneys, and defendants, TNC Packing

Corporation ("TNC"), and Thomas Case and Nancy Case, by and through their undersigned attorney,

hereby jointly move the Court to enter the

/

/

/

/

/

/

/

/

/

Order and Judgment against defendants in the form attached hereto.

Dated this 10th day of July, 2008.

Harter, Secrest & Emery LLP                        Lacy Katzen LLP

/s/ Jerauld E. Brydges                             /s/ David MacKnight

By:   _____          By:   _____

Jerauld Brydges                                    David MacKnight
1600 Bausch & Lomb Place                           The Granite Building
Rochester, New York  14604-2711                    130 East Main Street
(585) 231-1239                                     Rochester, New York  14604
                                                   (585) 454-5650

and                                                Attorney for Defendants

Gregory Brown
Law Offices of Bruce Levinson
747 Third Avenue, Fourth Floor
New York, New York 10017-2803
(212) 750-9898

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EASTERN POTATO DEALERS, INC., CAMBRIDGE
FARMS, INC., H.C. SCHMIEDING PRODUCE, INC. and          08 CV 628 (OT)
E.K. BARE & SONS INC.,
                                                        **ORDER AND JUDGMENT**
                        Plaintiffs,

              - against -

TNC PACKING CORPORATION, THOMAS CASE and
NANCY CASE,

                        Defendants.
------------------------------------------------------------------------X

This matter is before the Court upon an affidavit filed by plaintiffs' attorney that defendants
have failed to make payment in accord with the Stipulation and Order filed in this action. Pursuant to
the terms of the Stipulation and Order previously filed with the Court, this Court is to enter this Order
and Judgment upon the filing of an affidavit by plaintiffs' attorney, which states that payment has not
been made by defendants as required by the stipulation and Order.

Based upon the filing of the affidavit previously noted, it is by the United States District Court for the Western District of New York,

**ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of plaintiffs, Eastern Potato Dealers, Inc., Cambridge Farms, Inc., H.C. Schmieding Produce, Inc. and E.K. Bare & Sons Inc., and against defendants, TNC Packing Corporation ("TNC"), and Thomas Case and Nancy Case, jointly and severally, under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c), in the amount as follows:

a) In favor of Eastern Potato Dealers, Inc. in the amount of $31,186.57 plus interest at the rate of 5.03% per annum from March 1, 2006 in the sum of $_____, plus $5,000.00 in legal fees, plus $300.00 for a total of _____;

b) In favor of Cambridge Farms, Inc. in the amount of $11,526.24 plus interest at the rate of 18% per annum from July 26, 2006 in the sum of $_____, plus $3,000.00 in legal fees for a total of _____;

c) In favor of H.C. Schmieding Produce, Inc. in the amount of $13,616.10 plus interest at the rate of 18% per annum from June 14, 2006 in the sum of $_____, plus $3,000.00 in legal fees for a total of _____;

d) In favor of E.K. Bare & Sons Inc. in the amount of $15,840.79 plus interest at the rate of 18% per annum from April 20, 2006 in the sum of $_____, plus $3,000.00 in legal fees for a total of _____; and

f) In favor of all plaintiffs in the sum of $1,500.00 constituting plaintiffs additional legal fees incurred in connection with defendant's default to be distributed among the plaintiffs *pari passu.*

_____
United States District Judge

**Exhibit B**

**Exhibit B**

**Exhibit B**

## DOCUMENT SEPARATOR PAGE

**Exhibit B**

**Exhibit B**

**Exhibit B**

**Exhibit B**

*Law Offices of*
*Bruce Levinson, Esq.*
747 *Third Avenue, New York, New York* 10017-2803
*Tel: (212) 750.9898    Fax: (212) 750.2536*
*E-mail: b.levinson@verizon.net*

*Bruce Levinson*
—
*Gregory Brown*

July 14, 2008

Via Federal Express

Hon. Gerard J. Alonzo, Jr.
Supreme Court, Livingston County
2 Court Street
Gemesco, New York 14454

Re: <u>Case v. Case; 297/03</u>

Honorable Sir:

I am the attorney for Eastern Potato Dealers, Inc., Cambridge Farms Inc., H.C. Schmieding Produce Inc., and E.K. Bare & Sons Inc., all of whom are trust creditors of TNC Packing Corporation, Thomas Case, and Nancy Case pursuant to the Perishable Agricultural Commodities Act, 7 USC 499 e(c). Those claims are the subject of an action pending in the United States District Court for the Western District of New York in the matter captioned <u>Eastern Potato Dealers Inc. et al. v. TNC Packing Corporation, Thomas Case and Nancy Case,</u> bearing Index Number 08 cv 628.

On or about July 2, 2008, all of the parties in the pending federal action entered into a stipulation providing for an orderly distribution of the defendants' assets to plaintiffs and to two secured creditors, David Shults and Barbara Finch. The stipulation expressly provides that all moneys to which Thomas Case, TNC Packing Corporation and Nancy Case may be entitled from the litigation before Your Honor are PACA trust assets. By definition, PACA trust claims are super-superpriority, trumping all others including those of the Internal Revenue Service, because the assets are deemed to be part of a statutory floating trust to which defendants never had title. A copy of the fully executed stipulation in the federal court matter is enclosed, and it is expected that that Court will so-order the document forthwith.

This afternoon, I was made aware that the firm of Dibble & Miller had asked Your Honor in a proposed "Stipulated Order" to abet a scheme by which Dibble & Miller would have its legal fees paid first, totally disregarding the Perishable Agricultural Commodities Act, the pending Federal Court action, the wishes of its own client, and all notions of due process. I trust this Court will avoid subscribing to such a distorted sense of justice.

As a threshold matter, this Court lacks jurisdiction over disposition of the proceeds from this litigation to which Thomas Case is entitled. The distribution of those assets is governed by federal law and will be the subject of an order issued by the federal court. Even if this were not the case, the request by Dibble & Miller would still have to be denied because the substantive law could not be clearer that PACA trust claimants always get paid first.

Hon. Gerard J. Alonzo, Jr.
July 14, 2008
Page 2

     Furthermore, given that TNC Packing Corporation, Thomas Case and Nancy Case are all signatories to the stipulation in the federal court acknowledging that their assets are all subject to the trust provisions of the Perishable Agricultural Commodities Act, the application to Your Honor by Dibble & Miller, ostensibly counsel for the defendants, puts them directly at odds with the interests and representations of their clients.  At the risk of stating the obvious, it is ethically improper for Dibble & Miller to place their own pecuniary desires ahead of the interest of their clients.

     On top of everything else, Dibble & Miller has or should have actual knowledge of the PACA trust claims and the federal court action in which their clients are both defendants and signatories to a stipulation of settlement.  Accordingly, their application to this Court, made without notice to me or my clients, is a perversion of due process, and indefensible.

     For all of the foregoing reasons, this Court has no alternative but to forebear from taking any action which directly or indirectly impinges on the jurisdiction of the United States District Court, or of the rights afforded my clients by the PACA statute and the July 2, 2008 stipulation.

     Thank you for your attention to this matter.

                 Respectfully yours,

                 Bruce Levinson

BL/sp
Enclosure

cc.:    David A. Shults, Esq. (Via Fax w/o enclosure)
       David MacKnight, Esq. (Via Fax w/o enclosure)

       John J. Considine, Esq. (Via Federal Express w/ enclosure)
       25 East Main Street
       Rochester, NY 14614

       Gerald W. Dibble, Esq.  (Via Federal Express w/ enclosure)
       55 Canterbury Road
       Rochester, NY 14607

       Eastern Potato Dealers Inc. (w/o enclosure)
       Cambridge Farms, Inc. (w/o enclosure)
       H.C. Schmieding Produce Inc. (w/o enclosure)
       E.K. Bare & Sons Inc. (w/o enclosure)

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
EASTERN POTATO DEALERS, INC., CAMBRIDGE
FARMS, INC., H.C. SCHMIEDING PRODUCE, INC. and          08 CV 628 (OT)
E.K. BARE & SONS INC.,

                              Plaintiffs,          **STIPULATION
AND ORDER**

             - against -

TNC PACKING CORPORATION, THOMAS CASE and
NANCY CASE,

                        Defendants.
-----------------------------------------------------------------------X

        Plaintiffs, Eastern Potato Dealers, Inc. ("Eastern"), Cambridge Farms, Inc.

("Cambridge"), H.C. Schmieding Produce, Inc. ("Schmieding") and E.K. Bare & Sons Inc.

("Bare") (hereinafter collectively referred to as "plaintiffs"), by and through their undersigned

attorneys, and defendants, TNC Packing Corporation ("TNC"), and Thomas Case and Nancy

Case, by and through their undersigned attorney, and non-parties David A. Shults and Barbara

Finch, by and through their undersigned counsel, hereby stipulate and agree to settle this matter

on the terms set forth below, and the Court hereby approves this Stipulation and enters the Order

thereon.

        1.      Plaintiffs, Eastern, Cambridge, Schmieding and Bare, are trust creditors under the

trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c), against

defendants, TNC, Thomas Case and Nancy Case, on debts as follows:

            a)      Eastern: $31,186.57 plus interest at the rate of 5.03% per annum from March

1, 2006, plus $300.00 awarded by the Department of Agriculture, plus legal fees in the sum

of $5,000.00 for a total of $40,118.18;

            b)      Cambridge: $11,526.24 plus interest at the rate of 18% per annum from July

26, 2006, plus legal fees in the sum of $3,000.00 for a total of $18,410.26;

044786-1 (Doc. 15) - Stipulation

                  - 1 -

     c)     Schmieding: $13,616.10 plus interest at the rate of 18% per annum from June 14, 2006, plus legal fees in the sum of $3,000.00 for a total of $21,453.40;

     d)     Bare: $15,840.79 plus interest at the rate of 18% per annum from April 20, 2006, plus legal fees in the sum of $3,000.00 for a total of $24,954.15; and

2.     Defendants admit all the allegations of the complaint, consent to the jurisdiction of this Court, waive any and all set-offs and counterclaims against plaintiffs, and acknowledge they have no defenses to this action.

3.     Subject to paragraph 17 herein, Defendants shall jointly and severally pay to plaintiffs the sum of $104,935.99, constituting the sum of the debt set forth in paragraph 1, and shall also pay interest on the principal balance at the rates set forth in paragraph 1 herein, from the date of this Stipulation and Order (the "Settlement Amount"). The Settlement Amount shall be paid by wire, cashiers check or money order, payable to the "Law Offices of Bruce Levinson" and delivered to the Law Offices of Bruce Levinson, 747 Third Avenue, Fourth Floor, New York, New York 10017-2803. Payment of the Settlement Agreement shall be due no later than the first to occur of (a) any of the defendants becoming entitled to receive or receiving any of the proceeds of the sale of the assets of TNC, and (b) the date on which one or more defendants become entitled to receive some or all of the Escrow Funds (as defined below).

4.     To secure payment of the Settlement Agreement, defendants have executed a Joint Motion for Entry of Order and Judgment, which will be held in escrow by plaintiff's counsel unless there is a default. (A copy of the Joint Motion for Entry of Order and Judgment and Proposed Order and Judgment is attached.)

5.     If there is a default in the full and timely payment of the Settlement Amount, the Settlement Amount, together with all court costs and reasonable attorneys' fees incurred by plaintiffs to collect the sum due (including those incurred in any proceedings to determine

044786-1 (Doc. 15) - Stipulation

additional costs and fees) (hereafter "the Debt"), shall, at the option of plaintiffs, thereupon become immediately due and payable, and plaintiffs, upon the filing with the Court of an affidavit from plaintiffs' counsel as to such default and the amount of additional legal fees incurred, with a copy thereof to defendants' counsel, shall be entitled to file the attached Joint Motion for Entry of Order and Judgment and obtain a Judgment against defendants under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c) ("PACA") for the full amount of the Debt.

6.    Nothing herein shall be deemed, interpreted or otherwise construed as an extension of credit by plaintiffs to defendants, or as a waiver of the plaintiffs' rights under the statutory trust provision of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c). Plaintiffs' rights under this Stipulation and Order are in addition to their rights under said trust provisions.

7.    Upon receipt of the Settlement Agreement, in accordance with the terms set forth herein, plaintiffs shall prepare and file a Stipulation to Dismiss with Prejudice with this Court.

8.    The Court shall retain jurisdiction over the parties during the pendency of the application of this Order.

9.    This case shall be administratively closed, with the Court retaining complete jurisdiction to reopen this case and enforce the terms of this Order upon application by any of the parties hereto.

10.    Defendants make the following warranties and representations:

a)    No other PACA trust claims have been asserted in any court or to the Department of Agriculture.

b)    Thomas Case is the plaintiff in a case bearing the caption "Thomas R. Case v. Antone R. Case," currently pending in the Supreme Court of the State of New

044786-1 (Doc. 15) - Stipulation

York, Livingston County, State of New York and having Index Number 297-2003 (the "Litigation.")

c)       John Considine, Jr., Esq. ("Escrow Agent") has been appointed as a receiver in the Litigation and is currently holding not less than $620,000.00 ("Escrow Funds").

d)       The Escrow Funds are PACA trust assets, and include proceeds from the sale of certain land in which one or more defendants and/or Case Brothers, a partnership consisting of Thomas Case and Antone Case had or have an interest.

> **Comment:** What happened to Buffalo 63 LLC? Who is the real property owner?

e)       Thomas Case has not and will not assign, transfer, pledge or otherwise encumber any of his rights to the Escrow Funds or to any award which may result from the Litigation, except that he acknowledges giving security interests therein as follows: (a) to David Shults and Barbara Finch (collectively "Shults") in the sum of $259,195.65, together with an assignment of collateral to Shults consisting of an interest in the proceeds from the dissolution of TNC and monies held by the Escrow Agent, and (b) to Lacy Katzen LLP.

f)       Simultaneously with the execution of this stipulation, defendants shall irrevocably direct the Escrow Agent in writing (with a copy provided simultaneously to plaintiffs' counsel) that (a) upon Escrow Agent being entitled to release the Escrow Funds, Escrow Agent shall make immediate payment of the Settlement Amount directly to plaintiffs herein subject to the Shults claim and the Lacy Katzen claim as set forth in paragraph 17, herein, and (b) payment to any other creditor of defendants before plaintiffs from the Escrow Funds, other than as expressly set forth herein, shall not be permitted.

O044786-1 (Doc. 15) - Stipulation

g)      Other than the Litigation, there is no pending litigation in any court

seeking some or all of the Escrow Funds, provided however, that various creditors have

started actions for money loaned or on personal guarantees and Travelers Insurance Co.

has brought an action to enforce an indemnity claim on a bond in favor of the NYS

Department of Agriculture.  Some of those creditors have obtained judgments.  None of

them has asserted a claim to, an interest in, or a lien on the Escrow Funds, except if an

execution has been delivered to the Livingston County Sheriff.  Some of the judgment

creditors have or may have issued restraining notices.

h)      Thomas Case has entered into a settlement agreement, the terms of which

have been disclosed to the parties, which settlement agreement has not been reduced to a

writing signed by Thomas Case.  The settlement proceeds are subject to attorneys'

charging lien claims in disputed amounts which Thomas Case seeks to settle.

i)      Some or all of the defendants are beneficial owners of 100% of the units

of Buffalo 63 LLC ("Buffalo 63"), owner of a parcel of land identified on the tax map of

the Town of Wayland as Tax Map Number 14.00.01.0115 (the "Land").  The Land is a

PACA trust asset.  Defendants shall use best efforts to sell the Land, and shall cause the

proceeds from such sale, net only of transfer taxes, real estate broker commissions, and

the customary and reasonable closing costs, to be delivered at the closing to David Shults

(the "Land Proceeds.")

j)      An auction of personal property belonging to one or more of the

defendants and/or Buffalo 63 at 2241 State Route 63, Wayland, New York was

conducted June 28, 2008.  Said property is a PACA trust asset.  (Proceeds of that auction

are referred to herein as the "Auction Proceeds").  The goods sold included certain

equipment that is or may be subject to security interests asserted by Toyota Motor Credit,

044786-1 (Doc. 15) - Stipulation

| Deleted: |
| Deleted: |

CNH, and upon information and belief, others with security interests. Plaintiff claims

security interests are inferior to the statutory trusts set forth above. Shults and Lacy

Katzen LLP consented to the sale of their collateral and the application of the sale

proceeds as provided in the Agreement.

**Deleted:**

11.     This stipulation constitutes the entire agreement between the parties and may not

be changed in any respect except by a written agreement signed by them.

12.     This Agreement may be executed in one or more counterparts, each of which shall

be deemed an original, and all of which together shall constitute one and the same instrument.

Faxed signatures shall be deemed originals for all purposes.

13.     Defendants shall execute any further documents plaintiffs may reasonably require

in connection with obtaining payment under this Stipulation.

14.     Defendants waive any and all right they may have to challenge the November 14,

2006 order of the U.S. Department of Agriculture under Docket # R.76-156.

15.     Notwithstanding any other provision of this stipulation, plaintiffs shall not enforce

any judgment obtained against Nancy Case unless plaintiffs are not paid all sums due them

pursuant to this stipulation from the Escrow Funds and the proceeds from the auction of TNC

assets.

16.     Within 30 days of the date of this Stipulation, Nancy Case shall assign to Thomas

Case, any and all interest she may have in the Escrow Funds.

17.     Notwithstanding any other provision of this Stipulation, plaintiffs acknowledge

the Shults claim that Shults' interest in the Escrow Funds, the Land Proceeds and Auction

Proceeds pre-dated creation of any PACA trust obligations. Plaintiffs do not admit that the

Shults' claim is correct, however to avoid the cost, time and uncertainty of litigation, the parties

and Shults agree as follows:

044786-1 (Doc. 15) - Stipulation

- 6 -

(a)     Subject to subsection (f) of this paragraph 17, the Escrow Fund, the Land Proceeds and the Auction Proceeds shall be distributed as follows: (i) the sum of $8,000.00 shall be distributed to Lacy & Katzen LLP, attorneys for defendant, as full and complete satisfaction of claims against Shults and plaintiffs, then (ii) to plaintiffs and Shults pari passu, with Shults receiving 78% of the first combined $331,665.35 contained in the Escrow Fund, the Land Proceeds and the Auction Proceeds, and plaintiffs receiving the remaining 22%.

(b)     If there are any monies remaining in the Escrow Fund, the Land Proceeds and the Auction Proceeds after payment of the amounts set forth in subparagraph (a) of this paragraph 17, then plaintiffs and Shults shall share in the next monies payable therefrom, pari passu, in the same percentages until Shults and plaintiffs receive all interest on the principal amounts they are owed.

(c)     If there are any monies remaining in the Escrow Fund, the Land Proceeds and Auction Proceeds after payment of the amounts set forth in subparagraphs (a) and (b) of this paragraph 17, then plaintiffs and Shults shall share equally in the next monies available therefrom, pari passu, until plaintiffs and Shults have each received $10,000.00 as and for legal fees.

(d)     Thereafter, plaintiffs shall be entitled to next monies payable from the Escrow Fund, the Land Proceeds and the Auction Proceeds, ahead of any and all other claimants, until the Settlement Amount has been paid in full.

(e)     Any enforcement by plaintiffs or Shults of the judgment herein shall be subject to this paragraph.

(f)     Notwithstanding any other provision of this paragraph 17, Shults shall be entitled to reimbursement for monies expended by him subsequent to the date of this Agreement for

044786-1 (Doc. 15) - Stipulation

- 7 -

taxes and insurance so as to preserve the Land for sale, which reimbursement shall be paid prior to the sums set forth in paragraph 17(a) herein.

    (g)    After Shults and Plaintiffs have been paid in full, the remaining proceeds shall be paid to Thomas Case, subject to whatever claims Lacy Katzen LLP may have as a secured creditor.

    18.    Defendants shall cause the Auction Proceeds to be delivered by the auctioneer, net only of the auctioneer's fee, directly to David Shults, Esq., as Escrowee. David Shults, Esq. shall also retain the Land Proceeds as escrowee. David Schults, Esq. shall hold the Auction Proceeds and Land Proceeds in escrow and only release the funds in accordance with this Stipulation, or as directed by this Court. In the event that Defendants' attorney receives any portion of Auction Proceeds or the Land Proceeds, such proceeds shall be delivered in the form received, endorsed without recourse to David Shults, Esq.

    19.    Nancy Case shall sign this Agreement to witness and memorialize her assignment of any interest she has or may claim in the Escrow Proceeds and states that Thomas Case is and always has been the sole owner of his interest in Case Brothers as his separate property.

Agreed to as to escrow provisions:

_____
David Shults

Dated as of this 2nd day of July, 2008

044786-1 (Doc. 15) - Stipulation

IT IS SO STIPULATED.

Harter, Secrest & Emery LLP

By:
Jerauld Brydges
1600 Bausch & Lomb Place
Rochester, New York 14604-2711
(585) 231-1239

and

Gregory Brown
Law Offices of Bruce Levinson
747 Third Avenue, Fourth Floor
New York, New York 10017-2803
(212) 750-9898

Attorneys for Plaintiffs

Thomas Case, Individually

TNC Packing Corp.

By:
Thomas Case, Authorized Officer

Shults & Shults

By:
David A. Shults
9 Seneca Street
Hornell, New York 14853
(607) 324-1104
Attorneys for David A. Shults and
Barbara Finch (non-parties)

Lacy Katzen

By:
David MacKnight
The Granite Building
130 East Main Street
Rochester, New York 14604
(585) 454-5650

Attorney for Defendants

Nancy Case, Individually

Case Brothers

By:
Thomas Case, Managing Partner

**Formatted:** Indent: First line: 0.38"
**Formatted:** Indent: First line: 0.43"
**Formatted:** Indent: First line: 0.38"
**Formatted:** Indent: First line: 0.43"
**Formatted:** Underline
**Formatted:** Indent: First line: 0.38"
**Formatted:** Underline
**Formatted:** Indent: First line: 0"
**Formatted:** Tabs: 0.82", Left
**Formatted:** Indent: First line: 0"
**Deleted:** Harter, Secrest & Emery LLP
**Deleted:** Lacy Katzen LLP
**Deleted:** ¶
By:_____   By:_____¶
Jerauld Brydges      David MacKnight¶
1600 Bausch & Lomb Place      The Granite Building¶
Rochester, New York  14604-2711      130 East Main Street¶
(585) 231-1239      Rochester, New York 14604¶
(585) 454-5650¶
Attorney for Defendants¶
¶
And_____      _____¶
Thomas Case      Nancy Case¶
¶
TNC PACKING CORP.      BUFFALO 63 LLC¶
¶
By:_____   By:_____¶
Thomas Case, Authorized Officer      Thomas Case, Managing Member¶

044786-1 (Doc. 15) - Stipulation

- 9 -

**SO ORDERED** this _____ day of _____, 2008.

_____
U.S. District Court Judge

**Deleted:**  Gregory
Brown          Shults & Shults¶
 Law Offices of Bruce Levinson¶
 747 Third Avenue, Fourth Floor¶
 New York, New York 10017-
2803   By: _____
_____¶
  (212) 750-9898          David A.
Shults¶
 . . . . . . . . 9 Seneca Street¶
Attorneys for Plaintiffs .          Hornell,
New York 14843¶
 . . . . . . . . (607) 324-1104¶
 . . . . . . . Attorneys for David A.
Shults and¶
 . . . . . . . Barbara Finch (non-parties)¶

044786-1 (Doc. 15) - Stipulation

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EASTERN POTATO DEALERS, INC., CAMBRIDGE
FARMS, INC., H.C. SCHMIEDING PRODUCE, INC. and          08 CV 628 (OT)
E.K. BARE & SONS INC.,

                     Plaintiffs,          **JOINT MOTION FOR
                                                    ENTRY OF ORDER
                                                    <u>AND JUDGMENT</u>**

      - against -

TNC PACKING CORPORATION, THOMAS CASE and
NANCY CASE,

                 Defendants.
-----------------------------------------------------------------X

       Plaintiffs, Eastern Potato Dealers, Inc. ("Eastern"), Cambridge Farms, Inc.

("Cambridge"), H.C. Schmieding Produce, Inc. ("Schmieding") and E.K. Bare & Sons Inc.

("Bare") (hereinafter collectively referred to as "plaintiffs"), by and through their undersigned

attorneys, and defendants, TNC Packing Corporation ("TNC"), and Thomas Case and Nancy

Case, by and through their undersigned attorney, hereby jointly move the Court to enter the

/

/

/

/

/

/

/

/

/

044786-1 (Doc. 15) - Stipulation

         - 1 -

Order and Judgment against defendants in the form attached hereto.

Dated this _____ day of _____, 2008.

Harter, Secrest & Emery LLP                    Lacy Katzen LLP

By: _____          By: _____
Jerauld Brydges                                David MacKnight
1600 Bausch & Lomb Place                       The Granite Building
Rochester, New York  14604-2711                130 East Main Street
(585) 231-1239                                 Rochester, New York  14604
                                               (585) 454-5650
and
                                               Attorney for Defendants
Gregory Brown
Law Offices of Bruce Levinson
747 Third Avenue, Fourth Floor
New York, New York 10017-2803
(212) 750-9898

Attorneys for Plaintiffs

044786-1 (Doc. 15) - Stipulation
                              - 2 -

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EASTERN POTATO DEALERS, INC., CAMBRIDGE
FARMS, INC., H.C. SCHMIEDING PRODUCE, INC. and        08 CV 628 (OT)
E.K. BARE & SONS INC.,

                         Plaintiffs,        **ORDER AND JUDGMENT**

       - against -

TNC PACKING CORPORATION, THOMAS CASE and
NANCY CASE,

                       Defendants.
------------------------------------------------------------------------X

        This matter is before the Court upon an affidavit filed by plaintiffs' attorney that defendants have failed to make payment in accord with the Stipulation and Order filed in this action. Pursuant to the terms of the Stipulation and Order previously filed with the Court, this Court is to enter this Order and Judgment upon the filing of an affidavit by plaintiffs' attorney, which states that payment has not been made by defendants as required by the stipulation and Order.

        Based upon the filing of the affidavit previously noted, it is by the United States District Court for the Western District of New York,

        **ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of plaintiffs, Eastern Potato Dealers, Inc., Cambridge Farms, Inc., H.C. Schmieding Produce, Inc. and E.K. Bare & Sons Inc., and against defendants, TNC Packing Corporation ("TNC"), and Thomas Case and Nancy Case, jointly and severally, under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c), in the amount as follows:

             a)    In favor of Eastern Potato Dealers, Inc. in the amount of $31,186.57 plus interest at the rate of 5.03% per annum from March 1, 2006 in the sum of $_____, plus $5,000.00 in legal fees, plus $300.00 for a total of _____;

- 3 -

b)      In favor of Cambridge Farms, Inc. in the amount of $11,526.24 plus

interest at the rate of 18% per annum from July 26, 2006 in the sum of $_____, plus

$3,000.00 in legal fees for a total of _____;

c)      In favor of H.C. Schmieding Produce, Inc. in the amount of $13,616.10

plus interest at the rate of 18% per annum from June 14, 2006 in the sum of $_____, plus

$3,000.00 in legal fees for a total of _____;

d)      In favor of E.K. Bare & Sons Inc. in the amount of $15,840.79 plus interest

at the rate of 18% per annum from April 20, 2006 in the sum of $_____, plus $3,000.00 in

legal fees for a total of _____; and

f)      In favor of all plaintiffs in the sum of $1,500.00 constituting plaintiffs

additional legal fees incurred in connection with defendant's default to be distributed among the

plaintiffs *pari passu.*


_____
United States District Judge

IT IS SO STIPULATED.

| | |
|---|---|
| Harter, Secrest & Emery LLP | Lacy Katzen |
| | |
| By: _____ | By: _____ |
| Jerauld Brydges | David MacKnight |
| 1600 Bausch & Lomb Place | The Granite Building |
| Rochester, New York 14604-2711 | 130 East Main Street |
| (585) 231-1239 | Rochester, New York 14604 |
| | (585) 454-5650 |
| and | |
| | Attorney for Defendants |
| Gregory Brown | |
| Law Offices of Bruce Levinson | |
| 747 Third Avenue, Fourth Floor | |
| New York, New York 10017-2803 | |
| (212) 750-9898 | |
| | |
| Attorneys for Plaintiffs | |
| | |
| _____ | _____ |
| Thomas Case, Individually | Nancy Case, Individually |
| | |
| TNC Packing Corp. | Case Brothers |
| | |
| By: _____ | By: _____ |
| Thomas Case, Authorized Officer | Thomas Case, Managing Partner |
| | |
| Shults & Shults | |
| | |
| By: _____ | |
| David A. Shults | |
| 9 Seneca Street | |
| Hornell, New York 14853 | |
| (607) 324-1104 | |
| Attorneys for David A. Shults and | |
| Barbara Finch (non-parties) | |

044786-1 (Doc. 15) - Stipulation



**Exhibit C**

**Exhibit C**

**Exhibit C**

**DOCUMENT SEPARATOR PAGE**

**Exhibit C**

**Exhibit C**

**Exhibit C**

**Exhibit C**

LAW OFFICES OF

# DIBBLE & MILLER, P. C.

ATTORNEYS AND COUNSELORS AT LAW

GERALD W. DIBBLE, B.S., J.D., LL.M. (TAX)
G. MICHAEL MILLER, B.A., J.D.

SENIOR COUNSEL
GERARD F. NORTON, B.A., J.D.

JOHN J. JAKUBEK, B.A., J.D. *
CRAIG D. CHARTIER, B.S., J.D.
MARK E. CZAJKOWSKI, B.A., M.B.A., J.D.

* LICENSED IN NY & MA

55 CANTERBURY ROAD
ROCHESTER, NEW YORK 14607-3436

PHONE: (585) 271-1500
FACSIMILE: (585) 271-0118
www.dibblelaw.com
info@dibblelaw.com

SERVICE AND NOTICE OF LEGAL PLEADINGS OR OTHER
PAPERS BY FAX OR E-MAIL IS NOT ACCEPTED.
SEE CPLR 2103(b)(5).

PARALEGALS
JEANNE M. MASTIN, B.S., R.N.
PATRICIA C. JENSEN, A.S. **
LAURIE B. SALKO, A.A.S.

ADMINISTRATION
DAVID B. NICKASON, B.S. (ADMINISTRATOR)
ERIC M. FANNING, B.S. (OFFICE MANAGER)
WENDY A. LONGYEAR, A.S. (ACCOUNTANT)
** MEDIATOR, ASSOCIATION OF CONFLICT RESOLUTION

July 17, 2008

Hand Delivered
*Emergency Review of Letter Requested*

Hon. Michael A. Telesca
U.S. District Court Judge
U.S. Courthouse
100 State Street, Room 272
Rochester, New York 14614

Re:   *Eastern Potato Dealers, Inc. et al. v. TNC Packing Corporation, et al.*
      Case No: 08 CV 628(OT)

Dear Judge Telesca:

I write concerning the stipulated order, signed by your Honor on July 15, 2008, in the abovementioned matter. We were completely unaware of the stipulated order before we received a proposed copy of the same under cover of correspondence from Bruce Levinson, Esq. on July 15, 2008 (a copy of which is attached hereto as **Exhibit A**), the same day your Honor approved the stipulation.

**For the reasons that follow, we believe that your Honor has been misled in the abovementioned matter because while you were informed that certain escrow funds described in the stipulated order are subject to prior valid attorneys' charging liens (see Exhibit A at paragraph 10(c)), they are not, in any way whatsoever subject to the Perishable Agricultural Commodities Act ("PACA") so as to prevent the attorney charging liens from being paid. We believe this issue can be easily remedied by amending the stipulated order, as it relates to the escrow funds, so that Thomas Case's interest in the escrow funds, if any, is not declared PACA funds, but instead be deemed simply assigned to the parties in the abovementioned matter as the parties have or may agree, but subject to the attorney charging liens. Alternatively, if the parties to the stipulation for other reasons want the funds to be declared PACA funds, then it should be applicable only to the funds that remain after the attorney charging liens are paid.**

We represent Thomas Case in another litigated matter in Livingston County Supreme Court, *Case v. Case et al.*, Index No. 297-2003, before Acting Supreme Court Justice Gerard J. Alonzo, which, among other things, was an action to distribute the assets of Case Brothers, a

Dibble & Miller, P. C.
Hon. Michael A. Telesca
U.S. District Court Judge

Page 2 of 5

New York partnership ("Case Brothers"). The Case Brothers' action has been settled on the record (there was no need for any writing or signature by Thomas Case, despite claims to the contrary in the stipulated order, dated July 15, 2008, <u>Exhibit A</u>, at paragraph 10(h)), and a stipulated order is being finalized (the only open issue related to a gag provision).

In *Case v. Case,* Justice Alonzo appointed a receiver, John J. Considine, Esq. ("Receiver Considine"), to take possession of and liquidate the assets of Case Brothers. Receiver Considine presently holds funds in excess of $620,000.00 from the sale of those assets. We, on behalf of Thomas Case, were in the process of negotiating with opposing counsel in the *Case v. Case* matter regarding the disposition of the funds held by Receiver Considine, pursuant to the stipulated settlement. It should also be noted that both Dibble & Miller, P.C. ("Dibble & Miller"), and Phillips, Lytle LLP ("Phillips, Lytle") have worked, virtually unpaid, on Mr. Case's behalf for approximately 5 years, based upon the continued assurance by Mr. Case that our attorneys' fees would be paid out of proceeds from the *Case v. Case* litigation. Contrary to the claims in the stipulated order (<u>Exhibit A</u> at paragraph 10(h)), Mr. Case never disputed any of the fees charged by Dibble & Miller in any fashion whatsoever. And, in fact shortly before the commencement of the trial, Mr. Case, as an incentive to Dibble & Miller, agreed to increase the firm's hourly rate for trial preparation and the trial itself. Without our, and Phillips, Lytle's, labor there would be no settlement in the *Case v. Case* matter and the $620,000.00 would remain in escrow.

On July 15, 2008, we received Bruce Levinson, Esq.'s letter and the proposed stipulated order (<u>Exhibit A</u>), which was approved by this Court on July 15, 2008, purporting to encumber the $620,000.00 held by Mr. Considine in the *Case v. Case* litigation. We had no prior notice of the proposed stipulation and are astonished that neither Mr. Levinson, nor our client, Thomas Case, nor Thomas Case's counsel, David D. MacKnight, Esq., attempted to contact us to discuss the proposed stipulated order signed by Mr. Case on July 2, 2008. During the course of representing Thomas Case, we were not even advised of the pendency of the abovementioned matter before this Court.

Given our recent notice of the stipulated order, dated July 15, 2008, we have not yet had the opportunity to review its contents in great detail, but we have noted that in paragraphs 10(c) and 10(d) of the stipulated order it states that: "John Considine, Jr., Esq. ("Escrow Agent") has been appointed as a receiver in the Litigation and is currently holding not less than $620,000.00 ("Escrow Funds")" and: "The Escrow Funds are PACA trust assets, and include proceeds from the sale of certain land in which one or more defendants and/or Case Brothers, a partnership, consisting of Thomas Case and Antone Case had or have an interest." *This last statement is absolutely false.* And, Thomas Case is fully aware that the Escrow Funds are not PACA trust assets in any fashion whatsoever. Moreover, Mr. Case has also provided us with information that leads us to believe that David A. Shults, Esq. – a *"non-party"* beneficiary of the stipulated order (e.g., see <u>Exhibit A</u> at the stipulation at paragraphs 6 and 17) – is also fully aware that the Escrow Funds are not PACA trust assets in any fashion whatsoever.

Dibble & Miller, P. C.
Hon. Michael A. Telesca
U.S. District Court Judge

Page 3 of 5

In the simplest terms, TNC Packing Corporation ("TNC"), and defendants in the matter before this Court, Thomas Case and Nancy Case, in their roles as controlling shareholders or officers of TNC *are completely separate and distinct* from Case Brothers. Case Brothers was dissolved by Antone Case, effective March 7, 2003. A copy of the letter from Antone Case to Thomas Case giving notice of the dissolution of Case Brothers is attached hereto as **Exhibit B**. The *Case v. Case* litigation to determine the partners' rights in Case Brothers commenced shortly thereafter, on March 13, 2003. The only connection that TNC has to Case Brothers is that Thomas Case was or is involved in both entities and TNC is an occupant of property formerly owned by Case Brothers, which was sold by Receiver Considine to Buffalo 63 LLC, of which Thomas Case and, upon information and belief, a close relative (whom, we have been informed, is the sister of Mr. Shults and who holds the interest on his behalf) of David A. Shults, Esq. are principals. By way of further background, and we have been advised by Mr. Case that, David A. Shults, Esq. financed TNC's start up and Mr. Shults – a "non-party" beneficiary of your stipulated order – is believed to hold liens on Thomas Case's personal residence and Buffalo 63 LLC's property.

PACA trust fund provisions apply only to proceeds from transactions involving PACA perishables, *see* H.R.Rep. No. 543, 98th Cong., 2d Sess. 3 (1983), reprinted in 1984 U.S.Code Cong. & Admin.News 405, 407; *In re Lombardo Fruit and Produce Co.*, 12 F.3d 806, 808-09 (8th Cir. 1993); 7 U.S.C. §§ 499(e)(c)(1) and 499(e)(c)(2); 7 C.F.R. § 46.46(c), all of which transactions, according to the Complaint in the matter pending before this Court, occurred on or after 2005 (a copy of the Complaint is attached hereto as **Exhibit C**, see paragraph 7). These transactions took place between the plaintiffs and TNC Packing Corporation, an entity with no connection whatsoever to Case Brothers, or its assets. All of Case Brothers assets were in the control of Receiver Considine in 2003, well before the PACA claims in the litigation before this Court even arose. In short, PACA does not apply to the monies held by Receiver Considine.

We do not dispute that the parties to the litigation to before this Court are free to agree to stipulate as they wish, but a determination that the monies held by Receiver Considine are PACA funds cannot affect third parties entitled to said funds, where, in fact pursuant to the applicable law, the monies are not PACA funds in any manner whatsoever.

Although we understand that our client, Thomas Case, has entered into the stipulated order in an attempt to avoid potential personal liability for misuse of PACA funds, we cannot comprehend why counsel drafting the stipulated order failed to contact Dibble & Miller, P.C. or Phillips, Lytle, LLP to discuss the proposed stipulated order, dated July 15, 2008, before it was formally submitted to and sanctioned by this Court. We would understand if the stipulation purported to assign Thomas Case's interest, if any, in the funds held by Receiver Considine to plaintiffs in the litigation before this Court. However, it appears that the stipulated order is nothing short of an attempt to improperly declare that the funds held by Receiver Considine are subject to PACA, which they clearly are not.

**Dibble & Miller, P. C.**
Hon. Michael A. Telesca
U.S. District Court Judge

Page 4 of 5

Moreover, the funds held by Receiver Considine are subject to liens, pursuant New York State Judiciary Law § 475 and pursuant to an Order of the Livingston County Supreme Court (Donofrio, J.), dated May 3, 2006 (a copy of which is attached hereto as **Exhibit D**), allowing Phillips Lytle LLP to withdraw as attorneys for Thomas Case and further providing that: "Phillips Lytle LLP be granted a charging lien on the proceeds of any recovery, judgment or settlement pending the outcome of this action, provided that the aforesaid lien of Phillips Lytle LLP shall be second and subordinate to the charging lien and the retaining lien of any new counsel [i.e. Dibble & Miller, P.C.] secured by Plaintiff." By statute the charging liens became effective when the litigation was commenced (i.e. March 13, 2003). This Order was known to Mr. Case and he informed us that Mr. Shultz and Attorney MacKnight were both also aware of the Order and the on the settlement of the *Case v. Case et al.*, Index No. 297-2003, on the record, before Judge Alonzo.

By way of background and suggested motivations, if nothing else, it appears that one purpose of the stipulated order is that David A. Shults, Esq. – a "non-party" beneficiary of the stipulated order – will avoid the aforementioned charging liens and, given his liens against Thomas Case's personal residence, TNC, or other entities owned by Mr. Case, Mr. Shults will receive payment from the funds held by Receiver Considine. Another purpose seems to be that plaintiffs herein, are attempting to improperly avoid fees justly due to Dibble & Miller and Phillips Lytle from the Case Brothers' funds held by Receiver Considine.

We also note that, despite the lack of any notice of the pending litigation before this Court, and without so much as a courtesy telephone call, Bruce Levinson, Esq., in his letter, dated July 14, 2008 (Exhibit A), to Acting Supreme Court Justice Alonzo, makes several disparaging and scurrilous remarks about Dibble & Miller, without just cause. We had no knowledge whatsoever that Thomas Case and Nancy Case were signatories to the stipulation prior to July 15, 2008. As stated above, Thomas Case never even reported to us that this litigation was pending before this Court.

**Despite Mr. Levinson's statement to the contrary, Dibble & Miller has not made any application to the Livingston County Supreme Court for the distribution of the monies held by Receiver Considine.** Rather, a proposed order was sent by Dibble and Miller to opposing counsel in the *Case v. Case* matter for review. A copy of that proposed order (which since then has been again modified) was also sent to our client Thomas Case. There has been no "application" to the Livingston County Supreme Court. The day after the proposed order was sent to Mr. Case, we received a copy of an e-mail from David A. Shults, Esq. to Bruce Levinson, Esq., attaching a copy of the proposed order in *Case v. Case* and suggesting to Mr. Levinson that he: "inform Judge Alonzo at Livingston County Supreme Court, Dibble and Miller and John J. Considine, Jr. of yours and my superior lien position." A copy of that e-mail is attached hereto as **Exhibit E**. It appears at this point that this was a concerted effort to avoid the valid charging liens of Dibble & Miller and Phillips Lytle.

Dibble & Miller, P. C.
Hon. Michael A. Telesca
U.S. District Court Judge

Page 5 of 5

Mr. Levinson's scurrilous letter is irritating beyond belief as he accuses Dibble & Miller of unethical actions, when he is wrong on the law and apparently made no efforts to discover the true facts.

Since Dibble & Miller had no notice of the pending litigation before this Court or the stipulated order, dated July 15, 2008, and has not made any application to Livingston County Supreme Court for the distribution of the monies held by Receiver Considine, and because the parties herein have failed to present your Honor with pertinent facts and have misrepresented the funds held by Receiver Considine as PACA funds, the only "perversion of due process, and indefensible" (see Exhibit A, Bruce Levinson, Esq.'s letter, at page 2) conduct has been taken by parties other than Dibble & Miller.

In any event, no funds held by Receiver Considine are PACA funds. The attempt to declare funds as PACA funds to deprive Dibble & Miller and Phillips Lytle, who hold valid charging liens, should not stand.

**Given the above, we ask for your Honor's direction as to the procedure to follow to formally respond and dispute the Court's stipulated order, dated July 15, 2008 (e.g., via preliminary conference, motion, proposed order, etc.). In the interim, we request that the Court telephone counsel in this matter and that the enforcement of the stipulated order, insofar as it relates to the escrowed funds, be held in abeyance until the concerns in this letter are addressed.**

Respectfully,
Dibble & Miller, P.C.

Gerald W. Dibble, B.S., J.D., LL. M.

Encs.

cc:     (via US mail)
        Mr. Thomas Case
        Bruce Levinson, Esq.
        David A. Shults, Esq.
        David D. MacKnight, Esq.
        John J. Considine, Esq.
        Jerauld E. Brydges, Esq.
        John T. Sullivan, Jr. Esq.

# Exhibit A

# Exhibit A

# Exhibit A

# DOCUMENT SEPARATOR PAGE

# Exhibit A

# Exhibit A

# Exhibit A

# Exhibit A

*Law Offices of*
*Bruce Levinson, Esq.*
*747 Third Avenue, New York, New York 10017-2803*
*Tel. (212) 750-9898   Fax: (212) 750-2536*
*E-mail: b.levinson@verizon.net*

Bruce Levinson

Gregory Brown

July 14, 2008

**Via Federal Express**

Hon. Gerard J. Alonzo, Jr.
Supreme Court, Livingston County
2 Court Street
Gemesco, New York 14454

Re:  <u>Case v. Case; 297/03</u>

Honorable Sir:

I am the attorney for Eastern Potato Dealers, Inc., Cambridge Farms Inc., H.C. Schmieding Produce Inc., and E.K. Bare & Sons Inc., all of whom are trust creditors of TNC Packing Corporation, Thomas Case, and Nancy Case pursuant to the Perishable Agricultural Commodities Act, 7 USC 499 e(c). Those claims are the subject of an action pending in the United States District Court for the Western District of New York in the matter captioned <u>Eastern Potato Dealers Inc. et al. v. TNC Packing Corporation, Thomas Case and Nancy Case,</u> bearing Index Number 08 cv 628.

On or about July 2, 2008, all of the parties in the pending federal action entered into a stipulation providing for an orderly distribution of the defendants' assets to plaintiffs and to two secured creditors, David Shults and Barbara Finch.  The stipulation expressly provides that all moneys to which Thomas Case, TNC Packing Corporation and Nancy Case may be entitled from the litigation before Your Honor are PACA trust assets.  By definition, PACA trust claims are super-superpriority, trumping all others including those of the Internal Revenue Service, because the assets are deemed to be part of a statutory floating trust to which defendants never had title.  A copy of the fully executed stipulation in the federal court matter is enclosed, and it is expected that that Court will so-order the document forthwith.

This afternoon, I was made aware that the firm of Dibble & Miller had asked Your Honor in a proposed "Stipulated Order" to abet a scheme by which Dibble & Miller would have its legal fees paid first, totally disregarding the Perishable Agricultural Commodities Act, the pending Federal Court action, the wishes of its own client, and all notions of due process.  I trust this Court will avoid subscribing to such a distorted sense of justice.

As a threshold matter, this Court lacks jurisdiction over disposition of the proceeds from this litigation to which Thomas Case is entitled.  The distribution of those assets is governed by federal law and will be the subject of an order issued by the federal court.  Even if this were not the case, the request by Dibble & Miller would still have to be denied because the substantive law could not be clearer that PACA trust claimants always get paid first.

Hon. Gerard J. Alonzo, Jr.
July 14, 2008
Page 2

Furthermore, given that TNC Packing Corporation, Thomas Case and Nancy Case are all signatories to the stipulation in the federal court acknowledging that their assets are all subject to the trust provisions of the Perishable Agricultural Commodities Act, the application to Your Honor by Dibble & Miller, ostensibly counsel for the defendants, puts them directly at odds with the interests and representations of their clients. At the risk of stating the obvious, it is ethically improper for Dibble & Miller to place their own pecuniary desires ahead of the interest of their clients.

On top of everything else, Dibble & Miller has or should have actual knowledge of the PACA trust claims and the federal court action in which their clients are both defendants and signatories to a stipulation of settlement. Accordingly, their application to this Court, made without notice to me or my clients, is a perversion of due process, and indefensible.

For all of the foregoing reasons, this Court has no alternative but to forebear from taking any action which directly or indirectly impinges on the jurisdiction of the United States District Court, or of the rights afforded my clients by the PACA statute and the July 2, 2008 stipulation.

Thank you for your attention to this matter.

Respectfully yours,

Bruce Levinson

BL/sp
Enclosure

cc.:   David A. Shults, Esq. (Via Fax w/o enclosure)
       David MacKnight, Esq. (Via Fax w/o enclosure)

       John J. Considine, Esq. (Via Federal Express w/ enclosure)
       25 East Main Street
       Rochester, NY 14614

       Gerald W. Dibble, Esq.  (Via Federal Express w/ enclosure)
       55 Canterbury Road
       Rochester, NY 14607

       Eastern Potato Dealers Inc. (w/o enclosure)
       Cambridge Farms, Inc. (w/o enclosure)
       H.C. Schmieding Produce Inc. (w/o enclosure)
       E.K. Bare & Sons Inc. (w/o enclosure)

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
EASTERN POTATO DEALERS, INC., CAMBRIDGE
FARMS, INC., H.C. SCHMIEDING PRODUCE, INC. and
E.K. BARE & SONS INC.,

                                Plaintiffs,

                - against -

TNC PACKING CORPORATION, THOMAS CASE and
NANCY CASE,

                                Defendants.
--------------------------------------------------------------------X

08 CV 628 (OT)

**STIPULATION
AND ORDER**

       Plaintiffs, Eastern Potato Dealers, Inc. ("Eastern"), Cambridge Farms, Inc.

("Cambridge"), H.C. Schmieding Produce, Inc. ("Schmieding") and E.K. Bare & Sons Inc.

("Bare") (hereinafter collectively referred to as "plaintiffs"), by and through their undersigned

attorneys, and defendants, TNC Packing Corporation ("TNC"), and Thomas Case and Nancy

Case, by and through their undersigned attorney, and non-parties David A. Shults and Barbara

Finch, by and through their undersigned counsel, hereby stipulate and agree to settle this matter

on the terms set forth below, and the Court hereby approves this Stipulation and enters the Order

thereon.

     1.    Plaintiffs, Eastern, Cambridge, Schmieding and Bare, are trust creditors under the

trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c), against

defendants, TNC, Thomas Case and Nancy Case, on debts as follows:

          a)    Eastern: $31,186.57 plus interest at the rate of 5.03% per annum from March

1, 2006, plus $300.00 awarded by the Department of Agriculture, plus legal fees in the sum

of $5,000.00 for a total of $40,118.18;

          b)    Cambridge: $11,526.24 plus interest at the rate of 18% per annum from July

26, 2006, plus legal fees in the sum of $3,000.00 for a total of $18,410.26;

044786-1 (Doc. 15) · Stipulation

- 1 -

c)      Schmieding: $13,616.10 plus interest at the rate of 18% per annum from

June 14, 2006, plus legal fees in the sum of $3,000.00 for a total of $21,453.40;

d)      Bare: $15,840.79 plus interest at the rate of 18% per annum from April 20,

2006, plus legal fees in the sum of $3,000.00 for a total of $24,954.15; and

2.      Defendants admit all the allegations of the complaint, consent to the jurisdiction

of this Court, waive any and all set-offs and counterclaims against plaintiffs, and acknowledge

they have no defenses to this action.

3.      Subject to paragraph 17 herein, Defendants shall jointly and severally pay to

plaintiffs the sum of $104,935.99, constituting the sum of the debt set forth in paragraph 1, and

shall also pay interest on the principal balance at the rates set forth in paragraph 1 herein, from

the date of this Stipulation and Order (the "Settlement Amount"). The Settlement Amount shall

be paid by wire, cashiers check or money order, payable to the "Law Offices of Bruce Levinson"

and delivered to the Law Offices of Bruce Levinson, 747 Third Avenue, Fourth Floor, New

York, New York 10017-2803. Payment of the Settlement Agreement shall be due no later than

the first to occur of (a) any of the defendants becoming entitled to receive or receiving any of the

proceeds of the sale of the assets of TNC, and (b) the date on which one or more defendants

become entitled to receive some or all of the Escrow Funds (as defined below).

4.      To secure payment of the Settlement Agreement, defendants have executed a Joint

Motion for Entry of Order and Judgment, which will be held in escrow by plaintiff's counsel

unless there is a default. (A copy of the Joint Motion for Entry of Order and Judgment and

Proposed Order and Judgment is attached.)

5.      If there is a default in the full and timely payment of the Settlement Amount, the

Settlement Amount, together with all court costs and reasonable attorneys' fees incurred by

plaintiffs to collect the sum due (including those incurred in any proceedings to determine

044786-1 (Doc. 15) - Stipulation

- 2 -

additional costs and fees) (hereafter "the Debt"), shall, at the option of plaintiffs, thereupon become immediately due and payable, and plaintiffs, upon the filing with the Court of an affidavit from plaintiffs' counsel as to such default and the amount of additional legal fees incurred, with a copy thereof to defendants' counsel, shall be entitled to file the attached Joint Motion for Entry of Order and Judgment and obtain a Judgment against defendants under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c) ("PACA") for the full amount of the Debt.

6.      Nothing herein shall be deemed, interpreted or otherwise construed as an extension of credit by plaintiffs to defendants, or as a waiver of the plaintiffs' rights under the statutory trust provision of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c). Plaintiffs' rights under this Stipulation and Order are in addition to their rights under said trust provisions.

7.      Upon receipt of the Settlement Agreement, in accordance with the terms set forth herein, plaintiffs shall prepare and file a Stipulation to Dismiss with Prejudice with this Court.

8.      The Court shall retain jurisdiction over the parties during the pendency of the application of this Order.

9.      This case shall be administratively closed, with the Court retaining complete jurisdiction to reopen this case and enforce the terms of this Order upon application by any of the parties hereto.

10.     Defendants make the following warranties and representations:

a)      No other PACA trust claims have been asserted in any court or to the Department of Agriculture.

b)      Thomas Case is the plaintiff in a case bearing the caption "Thomas R. Case v. Antone R. Case," currently pending in the Supreme Court of the State of New

044786-1 (Doc. 15) - Stipulation

- 3 -

York, Livingston County, State of New York and having Index Number 297-2003 (the "Litigation.")

c)      John Considine, Jr., Esq. ("Escrow Agent") has been appointed as a receiver in the Litigation and is currently holding not less than $620,000.00 ("Escrow Funds").

d)      The Escrow Funds are PACA trust assets, and include proceeds from the sale of certain land in which one or more defendants and/or Case Brothers, a partnership consisting of Thomas Case and Antone Case had or have an interest.

e)      Thomas Case has not and will not assign, transfer, pledge or otherwise encumber any of his rights to the Escrow Funds or to any award which may result from the Litigation, except that he acknowledges giving security interests therein as follows: (a) to David Shults and Barbara Finch (collectively "Shults") in the sum of $259,195.65, together with an assignment of collateral to Shults consisting of an interest in the proceeds from the dissolution of TNC and monies held by the Escrow Agent, and (b) to Lacy Katzen LLP.

f)      Simultaneously with the execution of this stipulation, defendants shall irrevocably direct the Escrow Agent in writing (with a copy provided simultaneously to plaintiffs' counsel) that (a) upon Escrow Agent being entitled to release the Escrow Funds, Escrow Agent shall make immediate payment of the Settlement Amount directly to plaintiffs herein subject to the Shults claim and the Lacy Katzen claim as set forth in paragraph 17, herein, and (b) payment to any other creditor of defendants before plaintiffs from the Escrow Funds, other than as expressly set forth herein, shall not be permitted.

O44786-1 (Doc. 15) - Stipulation

- 4 -

g)      Other than the Litigation, there is no pending litigation in any court

seeking some or all of the Escrow Funds, provided however, that various creditors have

started actions for money loaned or on personal guarantees and Travelers Insurance Co.

has brought an action to enforce an indemnity claim on a bond in favor of the NYS

Department of Agriculture.  Some of those creditors have obtained judgments.  None of

them has asserted a claim to, an interest in, or a lien on the Escrow Funds, except if an

execution has been delivered to the Livingston County Sheriff.  Some of the judgment

creditors have or may have issued restraining notices.

h)      Thomas Case has entered into a settlement agreement, the terms of which

have been disclosed to the parties, which settlement agreement has not been reduced to a

writing signed by Thomas Case.  The settlement proceeds are subject to attorneys'

charging lien claims in disputed amounts which Thomas Case seeks to settle.

i)      Some or all of the defendants are beneficial owners of 100% of the units

of Buffalo 63 LLC ("Buffalo 63"), owner of a parcel of land identified on the tax map of

the Town of Wayland as Tax Map Number 14.00.01.0115 (the "Land").  The Land is a

PACA trust asset.  Defendants shall use best efforts to sell the Land, and shall cause the

proceeds from such sale, net only of transfer taxes, real estate broker commissions, and

the customary and reasonable closing costs, to be delivered at the closing to David Shults

(the "Land Proceeds.")

j)      An auction of personal property belonging to one or more of the

defendants and/or Buffalo 63 at 2241 State Route 63, Wayland, New York was

conducted June 28, 2008.  Said property is a PACA trust asset.  (Proceeds of that auction

are referred to herein as the "Auction Proceeds").  The goods sold included certain

equipment that is or may be subject to security interests asserted by Toyota Motor Credit,

044786-1 (Doc. 15) - Stipulation

- 5 -

CNH, and upon information and belief, others with security interests.  Plaintiff claims

security interests are inferior to the statutory trusts set forth above.  Shults and Lacy

Katzen LLP consented to the sale of their collateral and the application of the sale

proceeds as provided in the Agreement.

**Deleted:**

11.    This stipulation constitutes the entire agreement between the parties and may not

be changed in any respect except by a written agreement signed by them.

12.    This Agreement may be executed in one or more counterparts, each of which shall

be deemed an original, and all of which together shall constitute one and the same instrument.

Faxed signatures shall be deemed originals for all purposes.

13.    Defendants shall execute any further documents plaintiffs may reasonably require

in connection with obtaining payment under this Stipulation.

14.    Defendants waive any and all right they may have to challenge the November 14,

2006 order of the U.S. Department of Agriculture under Docket # R.76-156.

15.    Notwithstanding any other provision of this stipulation, plaintiffs shall not enforce

any judgment obtained against Nancy Case unless plaintiffs are not paid all sums due them

pursuant to this stipulation from the Escrow Funds and the proceeds from the auction of TNC

assets.

16.    Within 30 days of the date of this Stipulation, Nancy Case shall assign to Thomas

Case, any and all interest she may have in the Escrow Funds.

17.    Notwithstanding any other provision of this Stipulation, plaintiffs acknowledge

the Shults claim that Shults' interest in the Escrow Funds, the Land Proceeds and Auction

Proceeds pre-dated creation of any PACA trust obligations.  Plaintiffs do not admit that the

Shults' claim is correct, however to avoid the cost, time and uncertainty of litigation, the parties

and Shults agree as follows:

O44786-1 (Doc. 15) - Stipulation

- 6 -

(a)     Subject to subsection (f) of this paragraph 17, the Escrow Fund, the Land Proceeds and the Auction Proceeds shall be distributed as follows: (i) the sum of $8,000.00 shall be distributed to Lacy & Katzen LLP, attorneys for defendant, as full and complete satisfaction of claims against Shults and plaintiffs, then (ii) to plaintiffs and Shults pari passu, with Shults receiving 78% of the first combined $331,665.35 contained in the Escrow Fund, the Land Proceeds and the Auction Proceeds, and plaintiffs receiving the remaining 22%.

(b)     If there are any monies remaining in the Escrow Fund, the Land Proceeds and the Auction Proceeds after payment of the amounts set forth in subparagraph (a) of this paragraph 17, then plaintiffs and Shults shall share in the next monies payable therefrom, pari passu, in the same percentages until Shults and plaintiffs receive all interest on the principal amounts they are owed.

(c)     If there are any monies remaining in the Escrow Fund, the Land Proceeds and Auction Proceeds after payment of the amounts set forth in subparagraphs (a) and (b) of this paragraph 17, then plaintiffs and Shults shall share equally in the next monies available therefrom, pari passu, until plaintiffs and Shults have each received $10,000.00 as and for legal fees.

(d)     Thereafter, plaintiffs shall be entitled to next monies payable from the Escrow Fund, the Land Proceeds and the Auction Proceeds, ahead of any and all other claimants, until the Settlement Amount has been paid in full.

(e)     Any enforcement by plaintiffs or Shults of the judgment herein shall be subject to this paragraph.

(f)     Notwithstanding any other provision of this paragraph 17, Shults shall be entitled to reimbursement for monies expended by him subsequent to the date of this Agreement for

044786-1 (Doc. 15) - Stipulation

taxes and insurance so as to preserve the Land for sale, which reimbursement shall be paid prior to the sums set forth in paragraph 17(a) herein.

(g)      After Shults and Plaintiffs have been paid in full, the remaining proceeds shall be paid to Thomas Case, subject to whatever claims Lacy Katzen LLP may have as a secured creditor.

18.      Defendants shall cause the Auction Proceeds to be delivered by the auctioneer, net only of the auctioneer's fee, directly to David Shults, Esq., as Escrowee. David Shults, Esq. shall also retain the Land Proceeds as escrowee. David Schults, Esq. shall hold the Auction Proceeds and Land Proceeds in escrow and only release the funds in accordance with this Stipulation, or as directed by this Court.   In the event that Defendants' attorney receives any portion of Auction Proceeds or the Land Proceeds, such proceeds shall be delivered in the form received, endorsed without recourse to David Shults, Esq.

19.      Nancy Case shall sign this Agreement to witness and memorialize her assignment of any interest she has or may claim in the Escrow Proceeds and states that Thomas Case is and always has been the sole owner of his interest in Case Brothers as his separate property.

Agreed to as to escrow provisions:

_____
David Shults

Dated as of this 2nd day of July, 2008

044786-1 (Doc. 15) - Stipulation

- 8 -

IT IS SO STIPULATED.

| Harter, Secrest & Emery LLP | Lacy Katzen |
|---|---|
| By: _____ | By: _____ |
| Jerauld Brydges | David MacKnight |
| 1600 Bausch & Lomb Place | The Granite Building |
| Rochester, New York 14604-2711 | 130 East Main Street |
| (585) 231-1239 | Rochester, New York 14604 |
| | (585) 454-5650 |
| and | |
| | Attorney for Defendants |
| Gregory Brown | |
| Law Offices of Bruce Levinson | |
| 747 Third Avenue, Fourth Floor | |
| New York, New York 10017-2803 | |
| (212) 750-9898 | |
| Attorneys for Plaintiffs | |

| | |
|---|---|
| _Thomas Case_ | |
| Thomas Case, Individually | Nancy Case, Individually |
| TNC Packing Corp. | Case Brothers |
| By: _Thomas Case_ | By: _Thomas Case_ |
| Thomas Case, Authorized Officer | Thomas Case, Managing Partner |
| Shults & Shults | |
| By: _David A. Shults_ | |
| David A. Shults | |
| 9 Seneca Street | |
| Hornell, New York 14853 | |
| (607) 324-1104 | |
| Attorneys for David A. Shults and | |
| Barbara Finch (non-parties) | |

044786-1 (Doc. 15) - Stipulation

Formatted: Indent: First line: 0.38"
Formatted: Indent: First line: 0.43"
Formatted: Indent: First line: 0.38"
Formatted: Indent: First line: 0.43"
Formatted: Underline
Formatted: Indent: First line: 0.38"
Formatted: Underline
Formatted: Indent: First line: 0"
Formatted: Tabs: 0.82", Left
Formatted: Indent: First line: 0"
Deleted: Harter, Secrest & Emery LLP
Deleted: Lacy Katzen LLP
Deleted: ¶
By: _____ By: _____¶
Jerauld Brydges David MacKnight¶
1600 Bausch & Lomb Place The Granite Building¶
Rochester, New York 14604-2711 130 East Main Street¶
(585) 231-1239 Rochester, New York 14604¶
(585) 454-5650¶
Attorney for Defendants¶
¶
And _____ _____¶
Thomas Case Nancy Case¶
¶
TNC PACKING CORP. BUFFALO 63 LLC¶
¶
By: _____ By: _____¶
Thomas Case, Authorized Officer Thomas Case, Managing Member¶

*18*

**SO ORDERED** this _____ day of _____, 2008.

_____
U.S. District Court Judge

**Deleted:** Gregory
Brown          Shults & Shults¶
Law Offices of Bruce Levinson¶
747 Third Avenue, Fourth Floor¶
New York, New York 10017-
2803    By: _____
¶
(212) 750-9898          David A.
Shults¶
¶              9 Seneca Street¶
Attorneys for Plaintiffs          Hornell,
New York 14843¶
(607) 324-1104¶
Attorneys for David A.
Shults and¶
Barbara Finch (non-parties)¶

044786-1 (Doc. 15) - Stipulation

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

EASTERN POTATO DEALERS, INC., CAMBRIDGE
FARMS, INC., H.C. SCHMIEDING PRODUCE, INC. and           08 CV 628 (OT)
E.K. BARE & SONS INC.,

                    Plaintiffs,          **JOINT MOTION FOR**
                                                      **ENTRY OF ORDER**
     - against -                                                  **AND JUDGMENT**

TNC PACKING CORPORATION, THOMAS CASE and
NANCY CASE,

                    Defendants.
-------------------------------------------------------------X

      Plaintiffs, Eastern Potato Dealers, Inc. ("Eastern"), Cambridge Farms, Inc.

("Cambridge"), H.C. Schmieding Produce, Inc. ("Schmieding") and E.K. Bare & Sons Inc.

("Bare") (hereinafter collectively referred to as "plaintiffs"), by and through their undersigned

attorneys, and defendants, TNC Packing Corporation ("TNC"), and Thomas Case and Nancy

Case, by and through their undersigned attorney, hereby jointly move the Court to enter the

044786-1 (Doc. 15) - Stipulation
                        - 1 -

Order and Judgment against defendants in the form attached hereto.

Dated this _____ day of _____, 2008.

Harter, Secrest & Emery LLP                    Lacy Katzen LLP

By: _____        By: _____
Jerauld Brydges                                David MacKnight
1600 Bausch & Lomb Place                       The Granite Building
Rochester, New York 14604-2711                 130 East Main Street
(585) 231-1239                                 Rochester, New York 14604
                                               (585) 454-5650
and
                                               Attorney for Defendants
Gregory Brown
Law Offices of Bruce Levinson
747 Third Avenue, Fourth Floor
New York, New York 10017-2803
(212) 750-9898

Attorneys for Plaintiffs

044786-1 (Doc. 15) - Stipulation
                                    - 2 -

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

EASTERN POTATO DEALERS, INC., CAMBRIDGE
FARMS, INC., H.C. SCHMIEDING PRODUCE, INC. and          08 CV 628 (OT)
E.K. BARE & SONS INC.,

              Plaintiffs,          **ORDER AND JUDGMENT**

      - against -

TNC PACKING CORPORATION, THOMAS CASE and
NANCY CASE,

           Defendants.
------------------------------------------------------------------X

      This matter is before the Court upon an affidavit filed by plaintiffs' attorney that defendants

have failed to make payment in accord with the Stipulation and Order filed in this action.  Pursuant

to the terms of the Stipulation and Order previously filed with the Court, this Court is to enter this

Order and Judgment upon the filing of an affidavit by plaintiffs' attorney, which states that payment

has not been made by defendants as required by the stipulation and Order.

      Based upon the filing of the affidavit previously noted, it is by the United States District

Court for the Western District of New York,

      **ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of

plaintiffs, Eastern Potato Dealers, Inc., Cambridge Farms, Inc., H.C. Schmieding Produce, Inc.

and E.K. Bare & Sons Inc., and against defendants, TNC Packing Corporation ("TNC"), and

Thomas Case and Nancy Case, jointly and severally, under the trust provisions of the Perishable

Agricultural Commodities Act, 7 U.S.C. §499e(c), in the amount as follows:

        a)     In favor of Eastern Potato Dealers, Inc. in the amount of $31,186.57 plus

interest at the rate of 5.03% per annum from March 1, 2006 in the sum of $_____ , plus

$5,000.00 in legal fees, plus $300.00 for a total of _____ ;

                    - 3 -

b) In favor of Cambridge Farms, Inc. in the amount of $11,526.24 plus interest at the rate of 18% per annum from July 26, 2006 in the sum of $_____, plus $3,000.00 in legal fees for a total of _____;

c) In favor of H.C. Schmieding Produce, Inc. in the amount of $13,616.10 plus interest at the rate of 18% per annum from June 14, 2006 in the sum of $_____, plus $3,000.00 in legal fees for a total of _____;

d) In favor of E.K. Bare & Sons Inc. in the amount of $15,840.79 plus interest at the rate of 18% per annum from April 20, 2006 in the sum of $_____, plus $3,000.00 in legal fees for a total of _____; and

f) In favor of all plaintiffs in the sum of $1,500.00 constituting plaintiffs additional legal fees incurred in connection with defendant's default to be distributed among the plaintiffs *pari passu*.

         _____
         United States District Judge

IT IS SO STIPULATED.

Harter, Secrest & Emery LLP

By: _____
Jerauld Brydges
1600 Bausch & Lomb Place
Rochester, New York, 14604-2711
(585) 231-1239

and

Gregory Brown
Law Offices of Bruce Levinson
747 Third Avenue, Fourth Floor
New York, New York 10017-2803
(212) 750-9898

Attorneys for Plaintiffs


Lacy Katzen

By: _____
David MacKnight
The Granite Building
130 East Main Street
Rochester, New York 14604
(585) 454-5650

Attorney for Defendants


_____
Thomas Case, Individually

*Nancy Case*
Nancy Case, Individually

TNC Packing Corp.

By: _____
Thomas Case, Authorized Officer


Case Brothers

By: _____
Thomas Case, Managing Partner


Shults & Shults

By: _____
David A. Shults
9 Seneca Street
Hornell, New York 14853
(607) 324-1104
Attorneys for David A. Shults and
Barbara Finch (non-parties)


044786-1 (Doc. 15) - Stipulation

- 9 -



**Exhibit B**

**Exhibit B**

**Exhibit B**

## DOCUMENT SEPARATOR PAGE

**Exhibit B**

**Exhibit B**

**Exhibit B**

**Exhibit B**

# ANTONE R. CASE
## 205 WEST NAPLES STREET
## WAYLAND, NEW YORK 14572

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

March 7, 2003

Mr. Thomas V. Case
33 Seward Street
Dansville, New York 14437

**RE:    CASE BROTHERS**

Dear Mr. Case:

Please take notice that pursuant to the Partnership Law of the State of New York, you are hereby notified that the partnership, formed by us and known as Case Brothers, shall be dissolved effective the above date.

Neither of us, acting on behalf of the partnership, shall engage in any business other than conducting such matters as are necessary to winding up the partnership affairs.

By not later than March 17, 2003, we shall attempt to agree on the manner and method of winding up the business affairs of the partnership.  Any such agreement shall be in writing and signed by both of us.  Absent such agreement, I intend to commence an action seeking the appointment of a receiver, an accounting and the sale of all partnership property at public auction.

All partnership records in your possession shall be immediately returned and left at the partnership's office in Wayland, New York.

Very truly yours,

Antone R. Case

F:\MyFiles\MISC\Case.Tom.Ltr.Tony.wpd



Mr. Thomas V. Case
33 Seward St.
Dansville, NY 14437

14437+1331

**Exhibit C**

**Exhibit C**

**Exhibit C**

# DOCUMENT SEPARATOR PAGE

**Exhibit C**

**Exhibit C**

**Exhibit C**

**Exhibit C**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EASTERN POTATO DEALERS, INC.,

                      Plaintiff,                **COMPLAINT**

      - against -

                                              **No. 08-CV-_____**
TNC PACKING CORPORATION, THOMAS CASE and
NANCY CASE,

                  Defendants.
------------------------------------------------------------------X

       Eastern Potato Dealers, Inc. (hereinafter referred to as "plaintiff"), for its Complaint against

defendants, alleges:

JURISDICTION AND VENUE

       1.      Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities

Act, 7 U.S.C. §499e(c)(5), 7 U.S.C. §499g(b), (hereinafter "the PACA"), and 28 U.S.C. §1331.

       2.      Venue in this District is based on 7 U.S.C. §499g(b) and 28 U.S.C. §1391 in that (a)

plaintiff's claims arose in this District and (b) defendants' principal place of business is in this

District.

PARTIES

       3.      Plaintiff is a corporation now or formerly engaged in the business of buying and

selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in

interstate commerce.  At all times pertinent herein, plaintiff was licensed as a dealer under the

provisions of PACA.

       4.      Defendant, TNC Packing Corporation ("TNC"), is a domestic business corporation

incorporated in the State of New York with its principal place of business in Wayland, New York,

- 1 -

and was at all times pertinent herein, a purchaser of wholesale quantities of produce subject to license under the provisions of the PACA.

5.      Defendants Thomas and Nancy Case, husband and wife, are the principals of the corporate defendant, and upon information and belief, controlled the operation of TNC and were in a position of control over the PACA trust assets belonging to plaintiff during the time in question.

<u>GENERAL ALLEGATIONS</u>

6.      This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

7.      **Between December 12, 2005 and January 26, 2006,** plaintiff sold and delivered to defendants, in interstate commerce, $31,186.57 worth of wholesale quantities of produce.

8.      Defendants failed and refused to pay for the produce when payment was due, despite repeated demands, and presently owe plaintiff $31,186.57, plus interest and legal fees.

9.      At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

10.      Plaintiff preserved its interest in the PACA trust in the amount of $31,186.57 by sending invoices to defendants containing the language required by 7 U.S.C. §499e(c)(4) and remains a beneficiary until full payment is made for the produce.

11.      Plaintiff filed a complaint against defendant TNC before the Secretary of Agriculture ("Secretary") under Section 6(a) of the PACA, 7 U.S.C. §499f(a), in the amount of $31,186.57.

12.     On or about November 14, 2006, the Secretary issued an Order awarding reparations to plaintiff and against defendant TNC in the amount of $31,186.57 plus interest at the rate of 5.03% per annum from March 1, 2006, plus $300.00. A copy of the Order is attached hereto as Exhibit A.

13.     Defendants' failure and refusal to pay shows that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating trust assets.

Count 1

(Failure to Pay Reparation Award – Defendant TNC Packing Corporation)

14.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15.     Pursuant to Section 7(d) of the PACA, 7 U.S.C. §499g(d), the PACA license of TNC to do business has been automatically suspended by failing to pay the reparation award.

16.     Pursuant to Section 8(b) of the PACA, 7 U.S.C. §499h(b), as a result of the suspension of the PACA license of TNC, defendants Thomas Case and Nancy Case are prohibited from being affiliated in any way with a produce business unless they post a bond in the amount approved by the Secretary of Agriculture.

17.     Plaintiff seeks judgment on the Order of the Secretary under Section 7(b) of the PACA, 7 U.S.C. §499g(b).

Count 2

(Failure to Pay Trust Funds)

18.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 17 above as if fully set forth herein.

- 3 -

19. The failure of defendants to make payment to plaintiff of trust funds in the amount of $31,186.57 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

20. Plaintiff has been damaged in the sum of $31,186.57.

<u>Count 3</u>

(Failure to Pay For Goods Sold)

21. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22. Defendants failed and refused to pay plaintiff $31,186.57 owed to plaintiff for produce received by defendants from Plaintiff.

23. Plaintiff has been damaged in the sum of $31,186.57.

<u>Count 4</u>

(Unlawful Dissipation of Trust Assets by
a Corporate Official – Thomas Case)

24. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 23 above as if fully set forth herein.

25. Defendant Thomas Case operated TNC during the period of time in question and was in a position of control over the PACA trust assets belonging to plaintiff.

26. Defendant Thomas Case failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce supplied.

27. Defendant Thomas Case's failure to direct the corporation to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

- 4 -

28.     As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

### Count 5

(Unlawful Dissipation of Trust Assets by
a Corporate Official –Nancy Case)

29.     Plaintiff incorporates each and every allegation set forth in paragraph 1 to 28 above as if fully set forth herein.

30.     Defendant Nancy Case operated TNC during the period of time in question and was in a position of control over the PACA trust assets belonging to plaintiff.

31.     Defendant Nancy Case failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce supplied.

32.     Defendant Nancy Case's failure to direct the corporation to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

33.     As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

### Count 6
(Interest and Attorney's Fees)

34.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 33 above as if fully set forth herein.

35.    PACA and plaintiff's invoices entitle plaintiff to recover interest and attorneys' fees in the event defendants violated its obligation under PACA by failing to pay promptly for the produce supplied by plaintiff.

36.    Defendants' continued failure to make full payment promptly of $31,186.57 to plaintiff entitles plaintiff to attorney's fees, interest and costs incurred in enforcing the terms of the PACA trust and invoices.

WHEREFORE, plaintiff requests the following relief:

Count 1 - Judgment against defendant TNC Packing Corporation in the amount of $31,186.57 plus interest at the rate of 5.03% per annum from November 14, 2006 plus the amount of $300.00 and an Order prohibiting defendants Thomas Case and Nancy Case from operating in the produce business until the reparation order is paid in full;

Count 2 - An order against all defendants enforcing payment from the trust by requiring immediate payment of $31,186.57 to plaintiff;

Count 3 - Judgment against all defendants, jointly and severally, in the amount of $31,186.57 under the trust provisions of the PACA;

Count 4 - Judgment against Thomas Case in the amount of $31,186.57;

Count 5 - Judgment against Nance Case in the amount of $31,186.57;

Count 6 - Judgment against all defendants, jointly and severally, for prejudgment interest, costs and attorneys fees; and

All Counts - For such other relief as the Court deems just and proper.

Dated this 26th day of June, 2008

Respectfully submitted,

Harter Secrest & Emery LLP


By:      s/Jerauld E. Brydges
         Jerauld E. Brydges
         1600 Bausch & Lomb Place
         Rochester, New York  14604-2711
         (585) 231-1239

                 and

         Gregory Brown
         Law Offices of Bruce Levinson
         747 Third Avenue, Fourth Floor
         New York, New York 10017-2803
         (212) 750-9898

         *Attorneys for Plaintiff*

# EXHIBIT A



**USDA**

United States Department of Agriculture
Marketing and Regulatory Programs
Agricultural Marketing Service
1400 Independence Ave., SW STOP #0246
Washington, DC 20250-0242

November 14, 2006

EASTERN POTATO DEALERS INC          IN REPLY REFER TO
500 S OCEAN BLVD STE 908                FILE PACA :E-R-06-419
BOCA RATON   FL  33432                  DOCKET :R-76-156

Gentlemen:

Re:  EASTERN POTATO DEALERS INC  V.

    TNC PACKING CORPORATION

Enclosed is a copy of the Order issued on November 14, 2006, in the above-entitled case under the Perishable
Agricultural Commodities Act.

Unless we are advised of payment of the order or that an appeal has been filed in the United States District Court,
the order becomes final on December 14, 2006. If the order becomes final and it is not paid TNC PACKING
CORPORATION has an active license, the license will be automatically suspended effective close of business on
December 20, 2006, in accordance with Section 7(c) and (d) of the Act, as amended. The suspension will continue in
effect until the order is paid. If TNC PACKING CORPORATION has an inactive license or is not licensed,
sanctions will be imposed against the business.

In addition to the suspension or sanctions on the business, no individual proprietor, partner, member/manager
(Limited Liability Company), officer, director or holder of more than 10 percent of the stock of TNC PACKING
CORPORATION's business can be employed by or affiliated in any capacity with any other licensee under the Act
for a period of two years without the approval of the Department and the posting of a suitable surety bond.
Employment or affiliation with a PACA licensee, without the Department's approval, could result in an extension of the
employment sanctions and an administrative action against the employing firm.

If the order is not complied with, your recourse would be through suit in the United States District Court for the
district in which you are located as provided in Section 7(b) of the Act, as amended.

A copy of Section 7 of the Act is enclosed for your information.

If the order is paid, please notify this office promptly in writing.

Sincerely,

Dispute Resolution Section
P.A.C.A. Branch
Fruit and Vegetable Programs, AMS
Phone: (202) 720-6728
Fax:   (202) 690-2815

Enclosures
CC: HEARING CLERK
    FILE

UNITED STATES DEPARTMENT OF AGRICULTURE

BEFORE THE SECRETARY OF AGRICULTURE

| | | |
|---|---|---|
| Eastern Potato Dealers, Inc., | ) | PACA Docket No. R-76-156 |
| | ) | |
| Complainant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TNC Packing Corporation, | ) | |
| | ) | |
| Respondent | ) | Reparation Order |

Eastern Potato Dealers, Inc. [hereinafter Complainant], instituted this reparation proceeding under the Perishable Agricultural Commodities Act, 1930, as amended (7 U.S.C. §§ 499a – 499s) [hereinafter the PACA]; and the Rules of Practice Under the Perishable Agricultural Commodities Act (7 C.F.R. §§ 47.1-49) [hereinafter the Rules of Practice], by filing a timely Complaint. Complainant seeks reparation against TNC Packing Corporation [hereinafter Respondent], in connection with a transaction or transactions involving a perishable agricultural commodity or perishable agricultural commodities in interstate or foreign commerce. A copy of the formal Complaint was served upon Respondent, and Respondent filed an Answer thereto admitting liability to Complainant. Accordingly, the issuance of an order without further procedure is appropriate pursuant to Section 47.8(d) of the Rules of Practice (7 C.F.R. § 47.8(d)).

Complainant is a corporation, whose address is 500 S. Ocean Blvd., Suite 908, Boca Raton, Florida 33432.

Respondent is a corporation, whose address is 2241 State Route 63, Wayland, New York 14572-9509.

Respondent was licensed or was subject to license under the PACA at the time of the transaction or transactions involved in this proceeding. The facts alleged in the formal Complaint are hereby adopted as findings of the fact of this Reparation Order. On the basis of these facts, I conclude that the actions of Respondent are in violation of Section 2 of the PACA (7 U.S.C. § 499b) and have resulted in damages to Complainant of $ 31,186.57. Respondent's failure to pay Complainant this amount is a violation of Section 2 of the PACA for which reparation should be awarded to Complainant.

Section 5(a) of the PACA requires that we award to the person or persons injured by a violation of Section 2 of the PACA "the full amount of damages sustained in consequence of such violations." Such damages include interest. The interest that is to be applied shall be determined in accordance with 28 U.S.C. § 1961, i.e., the interest rate shall be calculated at a rate equal to the weekly average one-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the Order. PGB International, LLC v. Bayche Companies, Inc., PACA Docket No. R-05-118, Order on Reconsideration, 65 Agric. Dec. _____(2006).

Pursuant to Section 5(a) of the PACA (7 U.S.C. § 499e(a)), the party found to have violated Section 2 of the PACA (7 U.S.C. § 499b) is liable for any handling fee paid by the injured party. Complainant in this action paid a $300 handling fee to file its Complaint.

Accordingly, within 30 days from the date of this Order, Respondent shall pay Complainant, as reparation, the amount set forth in the reparation award, which I find to be the amount of damages to which Complainant is entitled for Respondent's violation or violations of Section 2 of the PACA (7 U.S.C. § 499b).

40

3

### REPARATION AWARD

Respondent shall pay Complainant the amount of $31,186.57, with interest thereon at the

rate of ___5.03___ per centum per annum from March 1, 2006, until paid, plus the amount

of $300.

Copies of this Order shall be served upon the parties.

Done at Washington, DC

NOV 1 4 2006
WILLIAM G. JENSON

William G. Jenson
Judicial Officer

**Exhibit D**

**Exhibit D**

**Exhibit D**

**DOCUMENT SEPARATOR PAGE**

**Exhibit D**

**Exhibit D**

**Exhibit D**

**Exhibit D**

At a Term of the Supreme Court of the
State of New York, held in and for the
County of Livingston, at the Livingston
County Courthouse, Geneseo, New York,
on March 15, 2006.

PRESENT:  HONORABLE GAIL A. DONOFRIO
                Acting Supreme Court Justice Presiding

STATE OF NEW YORK
SUPREME COURT          COUNTY OF LIVINGSTON

THOMAS V. CASE,
                                    PLAINTIFF,
            VS.                                                          ORDER

ANTONE R. CASE,
CASE BROTHERS, A NEW YORK PARTNERSHIP,              INDEX NO. 297-2003
d/b/a T.C. PACKING COMPANY,
WYOMING COUNTY BANK,
JOHN DOE 1 AND JOHN DOE 2,
                                    DEFENDANTS.

PHILLIPS LYTLE LLP ("Phillips Lytle"), by John T. Sullivan, Jr., Esq., has moved for

an order allowing Phillips Lytle to withdraw as attorneys for the Plaintiff, Thomas V. Case;

and,

This Court having ordered the Plaintiff, Thomas V. Case, to show cause at the motion

term of this Court to be held on March 15, 2006, at 3:00 p.m. in the afternoon, why an order

should not be made pursuant to Section 321(b)(2) of the Civil Practice Law and Rules: (1)

allowing Phillips Lytle to withdraw as attorneys of record for the Plaintiff; (2) holding this

matter in abeyance until the Plaintiff has been served with an order allowing Phillips Lytle to

withdraw as attorneys of record for the Plaintiff and time for the Plaintiff to secure new

counsel, if any; (3) that Phillips Lytle have a retaining or charging lien pending the outcome

of this action; and, (4) provide that compensation for legal services, costs, and disbursements

1

be ascertained and be paid out of any recovery, proceeds, or settlement funds due the Plaintiff, if any, after conclusion of this action; together with such other and further relief as to this Court may deem just and proper under the circumstances.

In support of the Motion, Phillips Lytle having submitted an Order To Show Cause signed March 7, 2006, and an Affidavit In Support of the Application To Withdraw by John T. Sullivan, Jr., sworn to on the 3rd day of March 2006, with attached exhibits.

NOW UPON reading and the filing of the Order To Show Cause herein, dated March 7, 2006, and returnable on March 15, 2006, and the Affidavit of John T. Sullivan, Jr., Esq., a member of the firm of Phillips Lytle LLP, duly sworn to March 3, 2006, thereto, with proof of personal service thereof upon the Plaintiff, Thomas V. Case, in support of the motion; and, this motion having duly come on to be heard on March 15, 2006; and, John T. Sullivan, Jr., a member of the firm Phillips Lytle LLP, having appeared in support of the motion, and the Plaintiff, Thomas V. Case, having appeared in opposition thereto by his attorney, Gerard F. Norton, Esq., of the firm Dibble, Miller and Burger, P.C.; and, due deliberation having been had, it is

ORDERED that the motion allowing Phillips Lytle LLP to withdraw as attorneys of record for the Plaintiff is granted, subject to the conditions hereinafter provided; and

ORDERED that this matter be held in abeyance for a period of 15 days from the date of this Order to allow Plaintiff time to secure new counsel and for an additional period of 30 days after Plaintiff or his new counsel have received from Phillips Lytle the documents specified in paragraph 4 hereof; and,

ORDERED that Phillips Lytle LLP be granted a charging lien on the proceeds of any recovery, judgment or settlement pending the outcome of this action, provided that the aforesaid lien of Phillips Lytle LLP shall be second and subordinate to the charging lien and the retaining lien of any new counsel secured by Plaintiff; and

PHILLIPS
LYTLE
LP

ATTORNEYS

ROCHESTER, NY

2

ORDERED that, without prejudicing in any manner the charging lien, herein granted, that Phillips Lytle LLP shall, within fifteen days from the date of this Order, or within ten days after receipt from the Plaintiff of the name of his new counsel, deliver to such counsel copies of all pleadings, documents, transcripts, exhibits, correspondence (whether conventional or electronic), papers, attorneys' notes, research, all without any warranty or representation whatsoever (as to relevance and completeness), and time records which are contained in Plaintiff's file(s) in this action or are in any way related to this action; and

ORDERED that Phillips Lytle LLP shall reasonably communicate with the successor counsel, retained by the Plaintiff, to ensure an efficient and orderly transfer of responsibility for representation, for a period of 30 days after the Plaintiff or his successor counsel have received from Phillips Lytle LLP the documents specified in paragraph 4 above; and

ORDERED that compensation to Phillips Lytle LLP for legal services, costs, and disbursements shall be made upon application and hearing before this court upon the conclusion of this action by judgment, settlement or otherwise and shall, subject to the subordination required by paragraph 3 hereof, be paid solely out of the proceeds of any recovery, judgment or settlement due Plaintiff, if any.

DATED: Geneseo, New York.
April 3, 2006.
May

ENTER:

_____
ACTING JUSTICE SUPREME COURT

PHILLIPS
LYTLE
LLP

ATTORNEYS

ROCHESTER, NY

ROCH DOC. # 106082.1

3





**Phillips Lytle LLP**

May 15, 2006

Gerard F. Norton, Esq.
Dibble Miller & Burger, P.C.
55 Cantebury Road
Rochester, New York 14607

Steven D. Sessler, Esq.
5812 Big Tree Road, Suite 2
P.O. Box 184
Lakeville, New York 14480

Theron A. Foote, Esq.
19 South State Street
P.O. Box 400
Nunda, New York 14517-0400

RE:  THOMAS V. CASE v. ANTONE R. CASE, CASE BROTHERS, A NEW YORK PARTNERSHIP,
     d/b/a T.C. PACKING COMPANY, WYOMING COUNTY BANK, JOHN DOE 1 AND JOHN DOE 2
     INDEX NO. 297-2003
     OUR FILE NO. 06060.00002

Gentlemen:

Enclosed is a copy of an Order signed by Judge Donofrio on May 3, 2006, and filed with the
Livingston County Clerk on May 12, 2006.

A notice of entry will be forwarded for filing with the Clerk this afternoon.

Very truly yours,

PHILLIPS LYTLE LLP

John T. Sullivan, Jr.

JTS:oxg
Enclosure
cc: John J. Considine, Jr., Receiver

ROCH Doc. # 109333.1

ATTORNEYS AT LAW

JOHN T. SULLIVAN, PARTNER  DIRECT 585 238 2005  JSULLIVAN@PHILLIPSLYTLE.COM

1400 FIRST FEDERAL PLAZA  ROCHESTER, NY 14614  PHONE 585 238 2000  FAX 585 232 3141
BUFFALO ALBANY CHAUTAUQUA GARDEN CITY NEW YORK ROCHESTER  WWW.PHILLIPSLYTLE.COM

46



US POSTAGE

$0.630

05/16/2006

Mailed From 14614

neopost

043/8300R654

★ REC'D. MAY 1 6 2006

Gerard F. Norton, Esq.
Dibble Miller & Burger, P.C.
55 Cantebury Road
Rochester, New York 14607

14607+3403-55  ₵₵₵₵

JTS

# Exhibit E

# Exhibit E

# Exhibit E

# DOCUMENT SEPARATOR PAGE

# Exhibit E

# Exhibit E

# Exhibit E

# Exhibit E

48

**Gerard F. Norton**

| From: | Gerald W. Dibble |
|---|---|
| **Sent:** | Monday, July 14, 2008 5:04 PM |
| **To:** | Gerard F. Norton |
| **Subject:** | FW: TNC Packing Corporation |
| **Attachments:** | TNCPacking.pdf |

FYI

**From:** Nikki McIntosh [mailto:Nikki@shultslaw.net]
**Sent:** Monday, July 14, 2008 3:31 PM
**To:** b.levison@horizon.net
**Cc:** Gerald W. Dibble; jconsidine@mccmlaw.com
**Subject:** TNC Packing Corporation

Dear Bruce:

As I have previously emailed Greg Brown of your office, I agree to be the escrow agent of the funds from Pirrung Auctioneers, Inc. of the TNC sale and I will distribute the funds pursuant to our agreement that we have entered into.

Attached is a copy of the proposed Stipulated Order that the firm Dibble and Miller, PC is proposing. As we had talked you should inform Judge Alonzo at Livingston County Supreme Court, Dibble and Miller and John J. Considine, Jr. of yours and my superior lien position.

Very truly yours,

David A. Shults

DAS:nm
Attachments
cc:      Judge Alonzo
         Dibble and Miller, PC
         John J. Considine, Jr.

Nikki McIntosh, Secretary to David A. Shults
Shults and Shults
9 Seneca Street, Hornell, NY 14843
607-324-1104--Fax 607-324-7983

This E-Mail, and any attachments to it, is confidential and may be legally privileged.  It is intended for use by the individual or entity named on the E-Mail.  If the reader of this E-Mail is not the intended recipient, or employee or agent responsible for delivery to the intended recipient, you must not read, use, copy or disseminate the information.  Any unauthorized use is strictly prohibited.

If you have received this communication in error, please delete and destroy this communication immediately and notify the sender by "reply" or phone of the error.  No responsibility is accepted by Shults and Shults for any loss or damage arising in any way from receipt of this message.

7/14/2008

STATE OF NEW YORK
SUPREME COURT              COUNTY OF LIVINGSTON

THOMAS V. CASE,

              *Plaintiff,*

   v.

ANTONE R. CASE, CASE BROTHERS, A NEW YORK
PARTNERSHIP D/B/A T.C. PACKING, WYOMING COUNTY
BANK, JOHN DOE 1 AND JOHN DOE 2,

              *Defendants.*

**STIPULATED ORDER**

**INDEX NO. 297-2003**

An action having been brought by the plaintiff seeking dissolution of the New York partnership known as Case Brothers d/b/a T.C. Packing, an accounting as to all of the dealings of said partnership, partition of the real property owned by the partners, and the division of the proceeds and residue of the partnership assets according to the respective rights of each partner; and

John J. Considine, Jr., Esq., of the law firm of McConville, Considine, Cooman & Morin, P.C., having been appointed as receiver to take charge of the real and personal property and assets owned by the partnership, and said receiver having collected and received the debts, demands, receivables, property and assets of the Case Brothers partnership, and said receiver having paid all just debts and charges against the partnership from proceeds received through sale of partnership property and assets; and

This matter having come before this Honorable Court on the Fifth (5th) day of May, 2008, for judicial determination of the rights and interests of the partners with regard to the residue of the partnership assets remaining after payment by the receiver of all just partnership debts and

- 1 -

| Deleted: C:\Documents and Settings\GFN\My Documents\C\Case--Stipulated Order (Settlement)rev7.doc |
| Deleted: D030GFN |
| Deleted: 3 |

charges, and the plaintiff, Thomas V. Case, having appeared with his counsel, Gerald W. Dibble,

Esq., Gerard F. Norton, Esq., and John J. Jakubek, Esq., of the law firm of Dibble & Miller, P.C.,

and the defendant, Antone R. Case, having appeared with his counsel, Steven D. Sessler, Esq.,

and testimony having been taken from the Fifth (5th) day of May, 2008, through the Ninth (9th)

day of May, 2008;

Now, upon this Honorable Court having received notification from counsel on May 12,

2008, that the parties to this action reached a mutually agreeable settlement, and the plaintiff,

Thomas V. Case, having agreed on the record that the matter was settled as hereinafter described,

and the defendant, Antone R. Case, having also agreed on the record that the matter was settled

as hereinafter described, and this Honorable Court having accepted the agreement of the parties

to settle this matter on May 12, 2008, it is hereby:

1. ORDERED, that, upon the distribution of partnership funds as hereinafter described, the filing of his final report and account, reciting that the total of partnership funds in the hands of the receiver is $_____, and the filing of the appropriate tax returns for the Case Brothers partnership, John J. Considine, Jr., Esq. shall be released and discharged from his duties as receiver with regard to this matter; and it is further

2. ORDERED, that, pursuant to CPLR §8004 and the application of the receiver (copy attached), the receiver, John J. Considine, Jr., Esq., be awarded from the partnership funds being held in said receiver's name a commission in the amount of $_____, and disbursements in the amount of $_____, for a total amount of $_____; and it is further

3. ORDERED, that from the partnership funds which remain after payment to the receiver as heretofore described, the receiver shall distribute to the defendant, Antone R. Case, the sum of One Hundred Fifty Thousand Dollars and 00/100 ($150,000.00); and it is further

4. ORDERED, that the receiver shall distribute, as provided below in this order, in equal shares to the plaintiff, Thomas V. Case, and the defendant, Antone R. Case, the balance of the partnership funds which shall remain after deducting payment to the receiver as heretofore described and after deducting payment to the defendant, Antone R. Case, as heretofore described; and it is further

**Deleted:** C:\Documents and Settings\GFN\My Documents\C-Case-- Stipulated Order (Settlement)rev7.doc

**Deleted:** D030GFN

**Deleted:** 3

5. ORDERED, that the plaintiff's distribution check shall be made payable and delivered to "*Dibble & Miller, P.C., as attorneys for Thomas V. Case*" and shall be deposited in the Dibble & Miller, P.C. escrow account and that the defendant's distribution check shall be made payable and delivered to "*Steven D. Sessler, Esq., as attorney for Antone R. Case*" and shall be deposited in the Steven D. Sessler, Esq. escrow account; and it is further

6. ORDERED, that pursuant to an Order of this Court dated May 3, 2006 (copy attached), the charging lien of Phillips Lytle, LLP, former attorneys for plaintiff, shall be second and subordinate to the charging and retaining liens of Dibble & Miller, P.C., and that pursuant to Judiciary Law §475, the charging and retaining liens of Dibble & Miller, P.C., and Phillips Lytle, LLP, shall hold priority over and be superior to the claims and liens of any and all other creditors which were perfected subsequent in point of time to the commencement of this action; and it is further

7. ORDERED, that, in accordance with its retainer agreements with the plaintiff, Dibble & Miller, P.C. shall first pay from the portion of partnership funds in its escrow account its attorneys fees and disbursements and that Dibble & Miller, P.C. shall then distribute to any other creditors of the plaintiff, according to their priority, that amount (or any negotiated amount) claimed to be due and owing to such creditors and that if any partnership funds remain after the payments set forth herein have been made, said amount shall then be paid over to the plaintiff; and it is further

8. ORDERED, that, in accordance with his retainer agreements with the defendant, Stephen D. Sessler, Esq. shall first pay from the portion of partnership funds in his escrow account his attorneys fees and disbursements and that Stephen D. Sessler, Esq. shall then distribute to any other creditors of the defendant, according to their priority, that amount (or any negotiated amount) claimed to be due and owing to such creditors and that if any partnership funds remain after the payments set forth herein have been made, said amount shall then be paid over to the defendant; and it is further

9. ORDERED, that the parties are enjoined and prohibited from directly or indirectly making any statements, writings, comments or gestures to each other or to any other persons or entities which statements, writings, comments or gestures are derogatory, defamatory, disparaging, offensive, slanderous, or libelous of the other party. The parties shall have the right to discuss this litigation and anything else about the Case Brothers partnership with all governmental entities, agencies, and authorities. The parties shall have the right to discuss this litigation and anything about the Case Brothers partnership with their respective lawyers and accountants, but only upon a need-to-know basis and if such lawyers and accountants agree to keep such information confidential. With regard to persons and entities other than governmental entities, agencies, and authorities, and respective lawyers and accountants as set forth above, neither party shall make any statement concerning the facts or disposition of this action other than to state, "**the matter was amicably settled**", and neither party shall provide any documentation or information about facts or disposition of this action or the Case Brothers to such

| Deleted: , |
| Deleted: as well as |
| Deleted: , |
| Deleted: and advisors |
| Deleted: , |
| Deleted: , and advisors |
| Deleted: . |
| Formatted: Font: Not Bold |
| Deleted: C:\Documents and Settings\GFN\My Documents\C\Case-- Stipulated Order (Settlement)rev7.doc |
| Deleted: D030GFN |
| Deleted: 3 |

- 3 -

third persons and entities.  Any violation of this provision by Sheila Case shall be considered a violation of the provision by Tony Case.  Any violation of this provision by Nancy Case shall be considered a violation of the provision by Tom Case; and it is further

10. ORDERED, that the firm of Schmidt & Volk, CPAs, P.C., is relieved of its duties with regard to this matter and that said firm shall release to the attorneys of parties all documents pertaining to this matter which are currently being held by said firm; and it is further

11. ORDERED, that the parties having waived the right to appeal on the record, there shall be no appeal rights with regard to this Order; and it is further

12. ORDERED, that the claims of the alleged creditors, Wyoming County Bank, John Doe 1 and John Doe 2, having been satisfied by the receiver, the action against them is dismissed with prejudice.


Dated: June _____, 2008.

So ordered:

_____
Hon. Gerard J. Alonzo
Acting Supreme Court Justice



Dated: June _____, 2008.          Dated: June _____, 2008.


_____     _____
Gerald W. Dibble, Esq.               Steven D. Sessler, Esq.
DIBBLE & MILLER, P.C.                 Attorney for the Defendant
Attorneys for the Plaintiff

**Deleted:** C:\Documents and Settings\GFN\My Documents\C~Case--Stipulated Order (Settlement)rev7.doc

**Deleted:** D030GFN

**Deleted:** 3

- 4 -

Filename: ...
Locator: 6/26/08...

**Exhibit D**

**Exhibit D**

**Exhibit D**

**DOCUMENT SEPARATOR PAGE**

**Exhibit D**

**Exhibit D**

**Exhibit D**

**Exhibit D**

**UNITED STATES DISTRICT COURT**
Western District of New York
272 United States Courthouse
100 State Street
Rochester, New York 14614

Chambers of
Michael A. Telesca
District Judge

Chambers:   585-613-4060
Fax:   585-613-4065

July 22, 2008

Gerald W. Dibble
Dibble & Miller, P.C.
55 Canterbury Road
Rochester, New York 14607

          Re:  Eastern Potato Dealers, Inc. v.
               TNC Packing Corp., et al.  - 08-Cv-628

Dear Mr. Dibble:

     Having reviewed your correspondence dated July 17,
2008 concerning the above matter, be advised that this
Court is not authorized to issue advisory opinions.
Moreover, Dibble & Miller is not a party to the above
action.  Any redress that you might seek must be brought
by an action or proceeding upon notice to all parties
involved.

                         Very truly yours,

                         Michael A. Telesca
                         United States District Judge

MAT/jc

cc:  Gregory Brown
        Law Offices of Bruce Levinson
     David MacKnight
        Lacy Katzen
     David A. Shults
        Shults & Shults
     Thomas Case
     Nancy Case
     Jerauld Brydges
        Harter, Secrest & Emery

**Exhibit E**

**Exhibit E**

# DOCUMENT SEPARATOR PAGE

**Exhibit E**

**Exhibit E**

**Exhibit E**



STATE OF NEW YORK
## UNIFIED COURT SYSTEM
## SEVENTH JUDICIAL DISTRICT
545 HALL OF JUSTICE
ROCHESTER, NEW YORK 14614-2184
(585) 428-2885

**ANN T. PFAU**
Chief Administrative Judge

**JAN H. PLUMADORE**
Deputy Chief Administrative Judge
Courts Outside New York City

**THOMAS M. VAN STRYDONCK**
Justice Supreme Court
Administrative Judge
Seventh Judicial District

**HARRY SALIS**
District Executive
hsalis@courts.state.ny.us

August 20, 2008

Gerard F. Norton, Esq.
Dibble & Miller, P.C.
55 Canterbury Road
Rochester, New York  14607

Steven D. Sessler, Esq.
131 Main Street, P.O. Box 313
Geneseo, New York  14454

RE:  <u>Case v. Case</u>
      Livingston County Index No.  297-2003

Dear Counsel:

The Court's signature on the proposed Order will await final decision by Judge Telesca.

Very truly yours,

Hon. Thomas M. Van Strydonck
Administrative Judge
Seventh Judicial District

TMV/paw
xc:    Hon. Michael A. Telesca
        Hon. Gerard J. Alonzo, JHO
        John J. Considine, Jr., Esq.

**Exhibit F**

**Exhibit F**

**Exhibit F**

**DOCUMENT SEPARATOR PAGE**

**Exhibit F**

**Exhibit F**

**Exhibit F**

**Exhibit F**

At a Term of the Supreme Court of the
State of New York, held in and for the
County of Livingston, at the Livingston
County Courthouse, Geneseo, New York,
on March 15, 2006.

PRESENT: HONORABLE GAIL A. DONOFRIO
          Acting Supreme Court Justice Presiding

STATE OF NEW YORK
SUPREME COURT          COUNTY OF LIVINGSTON

---

THOMAS V. CASE,
                  PLAINTIFF,

    VS.                                   ORDER

ANTONE R. CASE,
CASE BROTHERS, A NEW YORK PARTNERSHIP,
d/b/a T.C. PACKING COMPANY,           INDEX NO. 297-2003
WYOMING COUNTY BANK,
JOHN DOE 1 AND JOHN DOE 2,
                  DEFENDANTS.

---

      PHILLIPS LYTLE LLP ("Phillips Lytle"), by John T. Sullivan, Jr., Esq., has moved for

an order allowing Phillips Lytle to withdraw as attorneys for the Plaintiff, Thomas V. Case;

and,

      This Court having ordered the Plaintiff, Thomas V. Case, to show cause at the motion

term of this Court to be held on March 15, 2006, at 3:00 p.m. in the afternoon, why an order

should not be made pursuant to Section 321(b)(2) of the Civil Practice Law and Rules: (1)

allowing Phillips Lytle to withdraw as attorneys of record for the Plaintiff; (2) holding this

matter in abeyance until the Plaintiff has been served with an order allowing Phillips Lytle to

withdraw as attorneys of record for the Plaintiff and time for the Plaintiff to secure new

counsel, if any; (3) that Phillips Lytle have a retaining or charging lien pending the outcome

of this action; and, (4) provide that compensation for legal services, costs, and disbursements

1

be ascertained and be paid out of any recovery, proceeds, or settlement funds due the Plaintiff, if any, after conclusion of this action; together with such other and further relief as to this Court may deem just and proper under the circumstances.

In support of the Motion, Phillips Lytle having submitted an Order To Show Cause signed March 7, 2006, and an Affidavit In Support of the Application To Withdraw by John T. Sullivan, Jr., sworn to on the 3rd day of March 2006, with attached exhibits.

Now Upon reading and the filing of the Order To Show Cause herein, dated March 7, 2006, and returnable on March 15, 2006, and the Affidavit of John T. Sullivan, Jr., Esq., a member of the firm of Phillips Lytle LLP, duly sworn to March 3, 2006, thereto, with proof of personal service thereof upon the Plaintiff, Thomas V. Case, in support of the motion; and, this motion having duly come on to be heard on March 15, 2006; and, John T. Sullivan, Jr., a member of the firm Phillips Lytle LLP, having appeared in support of the motion, and the Plaintiff, Thomas V. Case, having appeared in opposition thereto by his attorney, Gerard F. Norton, Esq., of the firm Dibble, Miller and Burger, P.C.; and, due deliberation having been had, it is

ORDERED that the motion allowing Phillips Lytle LLP to withdraw as attorneys of record for the Plaintiff is granted, subject to the conditions hereinafter provided; and

ORDERED that this matter be held in abeyance for a period of 15 days from the date of this Order to allow Plaintiff time to secure new counsel and for an additional period of 30 days after Plaintiff or his new counsel have received from Phillips Lytle the documents specified in paragraph 4 hereof; and,

ORDERED that Phillips Lytle LLP be granted a charging lien on the proceeds of any recovery, judgment or settlement pending the outcome of this action, provided that the aforesaid lien of Phillips Lytle LLP shall be second and subordinate to the charging lien and the retaining lien of any new counsel secured by Plaintiff; and

PHILLIPS
LYTLE
LLP

ATTORNEYS

ROCHESTER, NY

2

ORDERED that, without prejudicing in any manner the charging lien, herein granted, that Phillips Lytle LLP shall, within fifteen days from the date of this Order, or within ten days after receipt from the Plaintiff of the name of his new counsel, deliver to such counsel copies of all pleadings, documents, transcripts, exhibits, correspondence (whether conventional or electronic), papers, attorneys' notes, research, all without any warranty or representation whatsoever (as to relevance and completeness), and time records which are contained in Plaintiff's file(s) in this action or are in any way related to this action; and

ORDERED that Phillips Lytle LLP shall reasonably communicate with the successor counsel, retained by the Plaintiff, to ensure an efficient and orderly transfer of responsibility for representation, for a period of 30 days after the Plaintiff or his successor counsel have received from Phillips Lytle LLP the documents specified in paragraph 4 above; and

ORDERED that compensation to Phillips Lytle LLP for legal services, costs, and disbursements shall be made upon application and hearing before this court upon the conclusion of this action by judgment, settlement or otherwise and shall, subject to the subordination required by paragraph 3 hereof, be paid solely out of the proceeds of any recovery, judgment or settlement due Plaintiff, if any.

DATED: Geneseo, New York.
~~April~~ May 3, 2006.

ENTER:

_Gail A. Donofrio_
ACTING JUSTICE SUPREME COURT

PHILLIPS
LYTLE
LLP

ATTORNEYS

ROCHESTER, NY

ROCH DOC. # 106082.1

3

# Exhibit G

# Exhibit G

# Exhibit G

# DOCUMENT SEPARATOR PAGE

# Exhibit G

# Exhibit G

# Exhibit G

# Exhibit G

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTERN POTATO DEALERS, INC.,<br><br>PLAINTIFF,<br><br>AND<br><br>DIBBLE & MILLER, P.C.,<br><br>INTERVENOR-PLAINTIFF,<br><br>-VS-<br><br>TNC PACKING CORPORATION, THOMAS CASE AND NANCY CASE,<br><br>DEFENDANTS. | **INTERVENOR-PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**<br><br><br>CASE NO.: 08 CV 6280 (OT)<br><br>JUDGE: HON. MICHAEL A. TELESCA |

Intervenor-Plaintiff, Dibble & Miller, P.C., seeks declaratory relief against defendants, and for its Complaint therefor alleges:

### THE PARTIES

1.      Intervenor-plaintiff Dibble & Miller, P.C. ("Dibble & Miller") is a domestic professional corporation, incorporated in New York State, and engaged in the practice of law.

2.      Upon information and belief, plaintiff, Eastern Potato Dealers, Inc. ("EPD"), is a corporation now or formerly engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce.

3.      Upon information and belief, TNC Packing Corporation ("TNC"), is a domestic business corporation, incorporated in New York State, with its principal place of business in Wayland, New York.

4.      Upon information and belief, defendants, Thomas and Nancy Case, husband and wife, are the principals of TNC, and controlled the operation of TNC.

Filename: C:\Documents and Settings\CDC\My Documents\Motions\case\Case-- final - Intervenor Complaint (v4).doc
Locator: 9/5/08//MSOffice//4//

**JURISDICTION, VENUE & ADOPTION OF PLEADINGS BY REFERENCE**

5.      Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7. U.S.C. § 499e(c)(5), 7 U.S.C. § 499g(b) ("PACA"), 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgment).

6.      Venue in this District is based on 7 U.S.C. § 499g(b) and 28 U.S.C. § 1391 in that the claims herein arose in this District and defendants' principal place of business and/or residence is in this District.

7.      Dibble & Miller, pursuant to Federal Rule of Civil Procedure 10(c), hereby incorporates by reference the Complaint of EPD, dated June 26, 2008, and filed with this Court on June 26, 2008.

**CAUSE OF ACTION FOR DECLARATORY RELIEF**

8.      Dibble & Miller represents defendant, Thomas Case, in a civil matter pending in New York Supreme Court, Livingston County (Alonzo, J.), entitled *Thomas R. Case v. Antone R. Case*, Index Number 297-2003, that is an action to, among other things, divide the assets of Case Brothers, a New York partnership, and was commenced on March 13, 2003 (hereinafter referred to as "*Case v. Case*").

9.      In *Case v. Case*, John J. Considine was appointed as a receiver to gather and sell the assets of Case Brothers.  Upon information and belief, Mr. Considine is currently holding approximately $680,000.00 as a result of the sale of Case Brothers' assets (herein referred to as the "Escrow Funds").

10.     *Case v. Case* has settled on the record.  Per that settlement, defendant, Thomas Case, is entitled to receive a portion of the Escrow Funds estimated to be $225,000.00.

11.    Dibble & Miller has an interest in defendant Thomas Case's portion of the Es-
crow Funds, or $225,000.00, because of its attorney charging lien for unpaid legal
fees.

12.    Before the settlement agreement in *Case v. Case* could be finalized, EPD and de-
fendants herein entered into a Stipulated Order, dated July 15, 2008, purporting to
resolve defendants' liability to EPD and other creditors, and imposing a PACA
trust fund lien upon the Escrow Funds (the "Stipulated Order").   A copy of the
Stipulated Order is attached hereto as **Exhibit A**.

13.    The Stipulated Order also asserts that the Escrow Funds are PACA trust assets
subject to EPD's claims herein, among the other creditors named in the Stipulated
Order.

14.    The Stipulated Order's assertion that the Escrow Funds are PACA trust assets is
erroneous because:

     a.   No PACA trust that benefited EPD, or the other beneficiaries of the Stipulated
Order, existed when *Case v. Case* was commenced or when the assets of Case
Brothers were marshaled and sold by Mr. Considine;

     b.   Even if a PACA trust that benefited EPD, or the other beneficiaries of the
Stipulated Order, could be shown to exist, the Case Brothers' assets, which
were the source of the Escrow Funds, were not purchased with PACA trust
monies and thus were not subject to PACA's trust provisions;

     c.   Case Brothers was dissolved as a New York partnership on March 7, 2003;

     d.   TNC, the entity EPD alleged in its Complaint as having PACA liability, was
not formed as a corporate entity until March 28, 2003;

- 3 -

e. Case Brothers and TNC are and were, at all times relevant herein, separate and distinct entities; and

f. The mere assertion by the parties to the Stipulated Order that the Escrow Funds are PACA trust assets is factually and legally incorrect and cannot be relied upon by this Court.

15. Despite the applicable provisions of PACA and the pertinent facts, the Stipulated Order wholly ignores Dibble & Miller's, and Phillips Lytle LLP's, interest in the Escrow Funds and purports to distribute all of the Escrow Funds, or that portion due to defendant Thomas Case, to other creditors of the defendants.

16. The Stipulated Order deprives Dibble & Miller of its interest in the Escrow Fund, to its detriment.

17. In the absence of declaratory relief from this Court, Dibble & Miller's interest in the Escrow Funds will be extinguished without due consideration to the applicable law, relevant facts, and Dibble & Miller's rights to enforce its attorney's charging lien.

18. Dibble & Miller has no other adequate remedy at law.

Filename: C:\Documents and Settings\CDC\My Documents\Motions\case\Case-- final - Intervenor Complaint (v4).doc
Locator: 9/5/08//MSOffice//4//

WHERFORE, it is respectfully requested that this Court issue an Order and Final Judgment declaring:

    A.    That the Escrow Funds are not PACA assets;

    B.    That Dibble & Miller's rights with respect to the Escrow Funds were not within the purview of this action, but are solely a matter for the state court in the *Case v. Case* matter; and

    C.    Such other and further relief as to the Court seems just, proper and equitable.

Dated:  September 5, 2008

    Respectfully,

    __s/ Gerard F. Norton_____
    Gerard F. Norton, Esq.
    DIBBLE & MILLER, P. C.
    *Attorneys for Intervenor-Plaintiff*
    55 Canterbury Road
    Rochester, New York 14607
    Tel: (585) 271-1500