UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EASTERN POTATO DEALERS, INC., CAMBRIDGE
FARMS, INC., H.C. SCHMIEDING PRODUCE,
INC. and E.K. BARE & SONS INC.,                       08-CV-6280

                    Plaintiffs,

            v.                                        **DECISION
                                                      and ORDER**
TNC PACKING CORPORATION, THOMAS CASE and
NANCY CASE,

                    Defendants,
_____

## **INTRODUCTION**

Plaintiffs Eastern Potato Dealers, Inc., Cambridge Farms, Inc., H.C. Schmieding Produce, Inc. and E.K. Bare & Sons, Inc. ("plaintiffs") brought this action pursuant to the Perishable Agricultural Commodities Act of 1930 ("PACA"), codified at 7 U.S.C. §499 et seq., seeking to recover monies it is owed by defendants TNC Packing Corporation ("TNC"), Thomas Case ("Mr. Case") and Nancy Case ("Ms. Case") (collectively "defendants").[1] The parties settled this action pursuant to a stipulation and order which was entered by this Court on July 15, 2008. Mr. Case also had pending state court litigation that was subsequently settled in principle during trial, although an order has not yet been entered. The July 15, 2008 stipulated order provides in part, that funds which had been placed in escrow ("Escrow Funds") pursuant to Mr. Case's ongoing

---

[1]Plaintiffs are engaged in the business of selling wholesale quantities of perishable agricultural commodities in interstate commerce. TNC is a domestic business corporation incorporated in New York with its principal place of business in Wayland, New York. TNC was at all times pertinent a purchaser of wholesale quantities of produce and was licensed under PACA.

state court litigation constitutes a portion of the PACA trust to which plaintiffs are entitled and that upon which the resolution of that litigation, that portion of the escrowed funds be awarded to defendant, Mr. Case, shall be paid over to plaintiffs.

Mr. Case's attorney in the state court action, Dibble & Miller, P.C. ("Dibble & Miller" and/or "proposed intervenor") has moved to intervene in this action by right under Fed.R.Civ.P. 24(a).[2] Dibble & Miller seeks to intervene as a plaintiff to obtain judgment against Mr. Case and to obtain an order from this Court declaring that the Escrow Funds are not PACA assets. It should be noted that Dibble & Miller represents Mr. Case in the state court action but does not represent Mr. Case, Ms. Case or TNC in this Federal action. Both plaintiffs and defendants have opposed Dibble & Miller's motion to intervene. For the reasons that follow, the proposed intervenor's motion to intervene is denied.

## DISCUSSION

### I. Motion to Intervene

Dibble & Miller seeks intervention as of right pursuant to Rule 24(a)(2), which provides:

> Upon timely application anyone shall be permitted to intervene in an action...when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability

---

[2] Dibble & Miller seeks leave to intervene as of right under Fed.R.Civ.P. 24(a)(2) and has not sought leave to intervene pursuant to any alternative grounds of the Federal Rules of Civil Procedure.

> to protect that interest, unless the applicant's interest
> is adequately represented by existing parties.

See Fed.R.Civ.P. 24(a)(2). The standards governing intervention as of right under this rule are well established. The proposed intervenor must (1) timely file an application, (2) show a legally protectable interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action. See In re Bank of New York Derivative Litig., 320 F.3d 291, 300 (2d Cir.2003); Catanzano v. Wing, 103 F.3d 223, 232 (2d Cir.1996); see also Federal Trade Commission v. First Capital Consumer Membership Services, Inc., 206 F.R.D. 358, 362 (W.D.N.Y.2001). "Failure to satisfy *any one* of these requirements is a sufficient ground to deny the application [for intervention]." See In re Bank on New York Derivative Litig., 320 F.3d at 300; see also Farmland Dairies v. Commissioner of New York State Dept. of Agriculture and Markets, 847 F.2d 1038, 1043 (2d Cir.1988).

Under Rule 24(a)(2), the proposed intervenor's interest in the subject matter of the action must be "direct, substantial, and legally protectable...." See Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir.1990). At the same time, "[i]ntervention cannot be used as a means to inject collateral issues into an existing action." See id. Plaintiffs argue that Dibble & Miller fail to satisfy at least two

of the Rule 24(a)(2) requirements, timeliness and legally protectable interest.

**Timeliness**

"A threshold consideration under...Rule 24(a), is timeliness." See United States v. Pitney Bowes Inc., 25 F.3d 66, 74 (2d Cir.1994). "Determining whether a motion to intervene is timely is determined from the totality of the circumstances and is within the sound discretion of the trial judge." See Jones v. Richter, 2001 WL 392079, at *2 (W.D.N.Y.2001) (citing Pitney Bowes, 25 F.3d at 70); In re Bank of New York Derivative Litig., 320 F.3d at 300 ("The determination of whether an application is timely is subject to the district court's discretion"); Seneca Nation of Indians v. New York, 213 F.R.D. 131, 134 (W.D.N.Y.2003). As stated by the Second Circuit in Pitney Bowes, "[t]imeliness defies precise definition, although it certainly is not confined strictly to chronology. Among the circumstances generally considered are: (1) how long the applicant [proposed intervenor] had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant [proposed intervenor] if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." See Pitney Bowes, 25 F.3d at 70; see also In re Bank of New York Derivative Litig., 320 F.3d at 300 (affirming denial of motion to

intervene as untimely). The Court will apply these factors to the proposed intervenor's motion.

Dibble & Miller contend that the motion to intervene is timely since the Complaint was filed in June 2008 and after negotiations with plaintiffs failed, the motion to intervene was filed in September 2008.[3] However, plaintiffs contend that there are additional factors a court must consider when deciding whether a motion to intervene is timely such as whether it would cause prejudice or delay. See Pls. Br. at 4. Here, the Court finds that the existing parties would suffer if the proposed intervenor's motion was granted. For example, this action would be delayed by additional motion practice and the need for additional discovery when the sole purpose of the intervention is to set aside a stipulation of settlement accepted by the Court that effectuated a full and final resolution of this case. The parties have devoted considerable time and substantial resources to the settlement process directed toward final resolution of this case. See Levinson Aff., ¶¶4-7. If intervention of a new party--claiming an interest never before considered in the litigation--is allowed at this juncture, the possibility of settlement will be negatively affected.

---

[3]Plaintiffs note that Dibble & Miller's rights arose, if at all, in 2006, the same time they could have acquired knowledge of plaintiffs' PACA claims. See Pls. Br. at 4; see also Affidavit of Bruce Levinson ("Levinson Aff."), ¶15. Plaintiffs claim that March 1, 2006 is the date from which the US Department of Agriculture found that TNC (Mr. Case) owed interest on unpaid PACA debts to plaintiff Eastern Potato Dealers.

Significantly, the proposed intervenor's claim would not only have the effect of completely undoing the exhaustively negotiated settlement in this matter, but it would revert this case to its infancy, warranting the exchange of pleadings, the commencement of discovery, and all of the procedural, discovery and substantive motion practice related with these proceedings. This result is prejudicial to both existing plaintiffs and defendants and would engender considerable delay. See Farmland Dairies, 847 F.2d 1038 (intervention denied where it would have jeopardized settlement of lawsuit). In addition, the proposed intervenor would not be severely prejudiced by denial of their motion because they can litigate this issue in state court or by fee arbitration pursuant to 22 NYCRR 137.[4] See In re Bank of New York Derivative Litig., 320 F.3d at 300; Provident Life & Casualty Ins. Co. v. Ginther, 1997 WL 436743, at * 1 (W.D.N.Y.1997) (denying motion to intervene and finding no prejudice to the intervenor because it was "free to commence an independent action" in state court); see also Pitney Bowes, 25 F.3d at 73 (denying motion to intervene despite some prejudice to the proposed intervenors).

Another factor militating against granting the proposed intervenor's motion is the fact that its claims would further complicate an action that is presently complex enough. The alleged

---

[4] This regulation strongly encourages a Fee Dispute Resolution Program, "which provides for the informal and expeditious resolution of fee disputes between attorneys and clients through arbitration and mediation. In accordance with the procedures for arbitration, arbitrators shall determine the reasonableness of fees for professional services, including costs, taking into account all relevant facts and circumstances." See 22 NYCRR 137.0

efficiency of having the proposed intervenor's claims litigated in this Court is outweighed by the injection of new issues at this stage of the litigation. Moreover, the plaintiffs oppose the proposed intervenor's motion by raising several substantial legal questions that further militate against granting the present motion. See Pls. Br. at 5-9. Accordingly, most of the factors support denial of Dibble & Miller's motion on grounds of untimeliness; the three remaining requirements,[5] therefore, need not be addressed. See Jones, 2001 WL 392079 at *4.

Based on all of these circumstances, I find the application to intervene untimely.

## CONCLUSION

For the reasons set forth above, I find that Dibble & Miller's motion to intervene as of right is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
April 21, 2009

---

[5] (1) that it claims an interest relating to the subject matter of the action, (2) that its interest may be impaired by the disposition of the action and (3) that its interest is not adequately protected by an existing party.