```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
EASTERN POTATO DEALERS, INC., CAMBRIDGE
FARMS, INC., H.C. SCHMIEDING PRODUCE,
INC. and E.K. BARE & SONS INC.,              08-CV-6280

                    Plaintiffs,

         v.                                   DECISION
                                              and ORDER
TNC PACKING CORPORATION, THOMAS CASE and
NANCY CASE,

                    Defendants,
_____
```

## INTRODUCTION

Dibble & Miller, P.C. ("Dibble & Miller") move pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for reconsideration of this Court's Decision and Order dated April 21, 2009, (the "April 21 Order") denying Dibble & Miller's motion to intervene. Dibble & Miller argues that the Court should reconsider its April 21 Order pursuant to Rule 60(b)(1) because the motion to intervene was timely. In addition, Dibble & Miller seeks reconsideration pursuant to Rule 60(b)(3) because the firm contends that plaintiffs'[1] argument that all of the proceeds to which Thomas Case ("Mr. Case") may be entitled in a state court action involving Mr. Case and his brother were Perishable Agricultural Commodities Act ("PACA") trust assets, is fundamentally flawed and must be rejected as a fraud upon the Court. Moreover, Dibble & Miller contends that the Court should reconsider its April 21 Order

---
[1] Plaintiffs refer to Eastern Potato Dealers, Inc., Cambridge Farms, Inc., H.C. Schmieding Produce, Inc. and E.K. Bare & Sons, Inc. ("plaintiffs").

pursuant to Rule 60(b)(6) because this Court has been deceived into approving the stipulation and order which was entered by this Court on July 15, 2008, which is the product of a conspiracy among plaintiffs, defendants[2] and David Shults to deprive Dibble & Miller of its attorneys fees.

Plaintiffs contend that Dibble & Miller fails to raise new evidence as required for a reconsideration motion. Plaintiffs further argue that Dibble & Miller simply provided documents it had access to and which were previously available well before the April 21 Order was entered. Moreover, plaintiffs contend that their argument that the PACA controls in this case and defeats any right Dibble & Miller might have to intervene was set forth exhaustively in plaintiffs' original papers and need not be reargued here. For the reasons set forth below, Dibble & Miller's motion for reconsideration under Rule 60(b) is denied.

## BACKGROUND

The background of this case is set forth in the Court's April 21 Order. See Eastern Potato et al. v. TNC Packing Corporation, et al., April 21, 2009 Decision and Order.

## DISCUSSION

### I. Rule 60(b) Standard

Rule 60(b) sets forth in pertinent part the following grounds upon which a court can grant relief from a judgment:

---

[2] Defendants refer to TNC Packing Corporation ("TNC"), Mr. Case and Nancy Case ("defendants").

> (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). It is well settled that a party may not seek reconsideration of a court's decision simply to re-litigate issues which the court has already decided. See Donovan v. Sovereign Secs. Ltd., 726 F.2d 55 (2d Cir. 1984). As a general principle, a court will not reconsider a decision already issued unless there has been an intervening change in the controlling law, new evidence has been made available, or there is a need to correct a clear error or to prevent injustice. See Caidor v. Harrington, 2009 WL 799954, at *1 (N.D.N.Y.2009) (citing U.S. v. Sanchez, 35 F.3d 673, 677 (2d Cir.) cert. denied, 514 U.S. 1038 (1995)); accord Doe v. New York City Dep't of Soc. Svcs., 709 F.2d 782, 789 (2d Cir.) cert. denied 464 U.S. 864 (1983); North River Ins. Co. v Philadelphia Reinsurance Corp., 63 F.3d 160, 165 (2d Cir. 1995), cert. denied 116 S.Ct. 1289 (1996)["A court should be 'loath' to revisit an earlier decision in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" (citations omitted)].

Here, Dibble & Miller has not satisfied any of these three conditions. With regard to the first condition, Dibble & Miller's motion points to no intervening change in the relevant controlling law. See generally Dkt. # 18. With regard to the second condition,

Dibble & Miller's motion points to no new evidence warranting reconsideration. See id. The only purportedly new evidence that Dibble & Miller attempts to introduce are exhibits B through G of Gerard F. Norton's Affirmation. See id. at 12, Exs. B-G. However, even if the information in that affirmation is new (which the Court finds it is not), Dibble & Miller has offered no grounds to believe that such new information had not been available to the firm before briefing was complete on Dibble & Miller's motion to intervene. With regard to the third condition, Dibble & Miller's motion purports to point to various errors of law in the Court's April 21 Order. See generally Dkt. #18. However, after carefully reviewing that Decision and Order, the Court can find no such errors. Accordingly, Dibble & Miller's motion to reconsider denial of the motion to intervene is denied.

Moreover, in support of the motion to reconsider, Dibble & Miller simply reargues the points raised in their original brief. They cite no new case law, nor have they brought to the Court's attention any controlling law or undisputed facts which may have been overlooked and which would have lead to a different result. Dibble & Miller also reiterates the arguments made in their original motions, contending that the motion to intervene was timely and arguing that it has a vested and secured interest in a portion of the Escrow Funds at issue via its lien pursuant to NY

State Judiciary Law §475. See generally Reply Affirmation at Dkt. # 20.

In addition, Dibble & Miller contends that fraud is the compelling reason for the motion to intervene and the motion to reconsider. See id. Dibble & Miller asserts that pursuant to Rule 60(b)(3)the plaintiffs' argument, that all of the proceeds to which Mr. Case may be entitled in a state court action involving Mr. Case and his brother were PACA trust assets, is fundamentally flawed and must be rejected as a fraud upon the Court. See id. However, Dibble & Miller have cited no new case law, nor have they brought to the Court's attention any controlling law or undisputed facts which may have been overlooked and which would have lead to a different result. A motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is addressed to the "sound discretion of the district court and ... [is] generally granted only upon the showing of exceptional circumstances." See Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990) (emphasis added), aff'd, 501 U.S. 115 (1991). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." See Shrader v. CSX Transportation, Inc., 70 F.3d 255 (2d Cir. 1995). Accordingly, Dibble & Miller's motion to reconsider this Court's

April 21 Order is denied. I find that Dibble & Miller has failed to demonstrate the existence of exceptional circumstances warranting reconsideration, or controlling decisions or data that would alter the conclusions reached in my April 21 Order. Thus, the motion to reconsider under Rule 60(b)(1),(3) and (6) is denied.

## CONCLUSION

For the reasons stated above, Dibble & Miller's motion for reconsideration is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         June 17, 2009