# MANDATE

09-2846-cv
Eastern Potato Dealers, Inc. v. TNC Packing Corporation

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER



RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of February, two thousand and ten.

Present: PIERRE N. LEVAL,
         RICHARD C. WESLEY,
                    *Circuit Judges*,
         JOHN GLEESON,
                    *District Judge*.[*]

---

EASTERN POTATO DEALERS, INC., et al.,

  *Plaintiffs-Appellees*,

and,

TNC PACKING CORPORATION, THOMAS CASE,
and NANCY CASE,

  *Defendants-Appellees*,

  - v. -                                                   (09-2846-cv)

DIBBLE & MILLER, P.C.,

  *Non-Party-Appellant*.[**]

---

[*] The Honorable John Gleeson, United States District Court for the Eastern District of New York, sitting by designation.

[**] The Clerk of the Court is respectfully directed to amend the official caption in this action to conform to the caption in this summary order.

| | |
|---|---|
| For Appellant: | GERALD F. NORTON (Craig D. Chartier, *on the brief*), Dibble & Miller, P.C., Rochester, New York. |
| For Appellees: | BRUCE LEVINSON (Gregory Brown, *on the brief*), Law Offices of Bruce Levinson, New York, New York. |

Appeal from the United States District Court for the Western District of New York (Telesca, J.).

1   **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,**
2   **AND DECREED** that the April 21, 2009 order of the United
3   States District Court for the Western District of New York
4   is **REVERSED** and the case is **REMANDED**.
5       Plaintiffs-appellees brought this action pursuant to
6   the Perishable Agricultural Commodities Act of 1930
7   ("PACA"), 7 U.S.C. § 499a *et seq.* Non-party appellant
8   Dibble & Miller, P.C. ("appellant") appeals from a decision
9   denying its motion to intervene pursuant to Rule 24(a)(2) of
10  the Federal Rules of Civil Procedure. We presume the
11  parties' familiarity with the underlying allegations, the
12  procedural history of the case, and the issues on appeal.
13      The denial of a motion to intervene is reviewed for
14  abuse of discretion. *E.g., MasterCard Int'l Inc. v. Visa*
15  *Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006).
16  The district court held that appellant's September 5, 2008

1  motion was untimely. The record suggests, however, that
2  appellant did not receive notice that it may have an
3  interest in this litigation until the district court
4  endorsed the parties' stipulated settlement on July 15,
5  2008.

6  The stipulated settlement was signed by the parties on
7  July 2, 2008, a mere six days after this action was
8  commenced. The settlement provided that defendant-appellee
9  Thomas Case's interest in a state court litigation, *Case v.*
10 *Case*, Livingston County Index No. 297-2003, would be used to
11 pay Case's debts to plaintiffs-appellees and to non-parties
12 David Shults and Barbara Finch, notwithstanding that Case's
13 interest in the state litigation was subject to appellant's
14 attorney charging lien. The stipulation purported to defeat
15 appellant's charging lien by characterizing Case's entire
16 interest in the state court litigation as PACA trust
17 property, which would give plaintiffs-appellees, who alleged
18 that they were PACA creditors, priority over appellant's
19 lien. However, the stipulation provided that the majority
20 of the funds received as Case's interest in the state court
21 litigation were to be used to pay non-parties, whose
22 interest in the funds appears to be unrelated to the PACA

debt that is the subject of this action.

After receiving notice of the parties' stipulated settlement when the district court endorsed it on July 15, 2008, appellant sent a July 17, 2008 letter to the court regarding its objection to the terms of the stipulation. The court responded that it was "not authorized to issue advisory opinions" and that appellant was "not a party to the . . . action." Appellant then pursued a negotiated resolution of its objection with the parties for several weeks. When it became clear that it would not get satisfaction by negotiation, appellant filed a motion to intervene in this action on September 5, 2008, to contest whether the funds referenced in the stipulation could be properly characterized as PACA funds, and whether the stipulation could be used to defeat its attorney charging lien.[1] Based on this sequence of events, we find any prejudice to appellees that would result from permitting appellant to intervene to be wholly unpersuasive as a basis for denying the motion.

---

[1] The wiser course would have been for appellant to immediately seek to intervene in the district court when it received notice of the stipulated settlement. However, no party was prejudiced by its failure to do so because a copy of appellant's July 17, 2008 letter to the district court was mailed to counsel for all parties, and appellant immediately undertook negotiations with the parties in an attempt to protect its interests.

1          Moreover, on August 26, 2008 — prior to appellant's
2    motion to intervene, and while appellant was still
3    negotiating with the parties — the district court wrote to
4    the court-appointed receiver in the state court action
5    regarding "whether the proceeds belonging to Thomas Case
6    should be forwarded . . . to [appellant] or . . . the
7    plaintiffs in the Federal Court action."  The district court
8    asserted to the receiver that the stipulated settlement in
9    the federal action "clearly contemplated" that "the
10   settlement proceeds [from the state court action] should be
11   forwarded to" counsel for the plaintiffs in the federal
12   action.  This letter from the district court operated to the
13   immediate detriment of appellant, as it hastened the
14   remittance of the funds at issue in *Case v. Case* to
15   appellees' counsel before appellant had taken formal action
16   to protect its interest in either the state or federal case.
17   At a minimum, the district court should have taken this
18   conduct into account when analyzing the prejudice to
19   appellant that would result from denying its motion to
20   intervene.
21        Finally, although the decision below was reached solely
22   on the basis of timeliness, appellees argue that the

district court's decision should be affirmed for two alternative reasons:  (1) appellant lacks a sufficient interest in this action to justify mandatory intervention; and (2) "[t]he monies in issue . . . are PACA trust funds and whatever rights [appellant] may have are subordinate to those of plaintiffs."  Both of these contentions are premised on the assertion that the parties' stipulated settlement relates exclusively to funds held in a statutory trust pursuant to PACA.  Not only is that precisely the factual assertion that appellant wishes to intervene in order to contest, but it is also belied to some extent by the terms of appellees' challenged stipulation.  Indeed, the stipulation directs that the vast majority of the settlement amount be paid to Shults and Finch, who were not alleged to have been the beneficiaries of a PACA trust in the federal action.  Consequently, these arguments are insufficient to warrant an affirmance of the district court's decision.

We have reviewed appellees' remaining arguments and find them to be without merit.  Therefore, we hold that the district court abused its discretion because its conclusion "cannot be located within the range of permissible decisions."  *Patricia Hayes & Assocs., Inc. v. Cammell Laird*

1    *Holdings U.K.*, 339 F.3d 76, 80 (2d Cir. 2003) (internal

2    quotation marks omitted). Accordingly, the April 21, 2009

3    order of the district court is **REVERSED**.

4        In an oral order issued at the argument of this appeal

5    on January 27, 2010, we directed that all funds or property

6    distributed pursuant to the stipulated settlement be paid to

7    the Clerk of the district court for safekeeping, pending a

8    determination of the parties' rights to the funds at issue.

9    In a written order issued the next day, we memorialized that

10   instruction and directed the district court to grant

11   appellant's motion to intervene. The case is therefore

12   **REMANDED** for further proceedings consistent with this order

13   and our previous orders.

14                                       For the Court
15                                       Catherine O'Hagan Wolfe, Clerk
16
17
18
19

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the ninth day of March, two thousand and ten.

Before:   Pierre N. Leval,
          Richard C. Wesley,
                    *Circuit Judges*,
          John Gleeson,
                    *District Judge.**



Eastern Potato Dealers, Inc.,

    *Plaintiff-Appellee,*

v.

TNC Packing Corporation, Thomas Case, Nancy Case,

    *Defendants-Appellees,*

v.

Dibble & Miller, P.C.,

    *Non-Party-Appellant.*

**STATEMENT OF COSTS**
Docket No. 09-2846-cv

IT IS HEREBY ORDERED that costs are taxed in the amount of $1,172.60 in favor of Appellant Dibble & Miller, P.C.

    FOR THE COURT,
    Catherine O'Hagan Wolfe,
    Clerk

    Joy Fallek, Administrative Attorney